﻿Citation Nr: AXXXXXXXX
Decision Date: 03/18/19 Archive Date: 03/18/19

DOCKET NO. 180926-402
DATE: March 18, 2019

ORDER

Entitlement to total disability rating based upon individual unemployability due to service-connected disabilities (TDIU) prior to February 8, 2018, is denied.

FINDING OF FACT

The most probative evidence of record does not show that it is factually ascertainable that the Veteran was unable to secure or follow a substantially gainful occupation due to his service-connected disabilities in the one-year period prior to the February 8, 2018, claim for entitlement to a TDIU. 

CONCLUSION OF LAW

The criteria for entitlement to a TDIU, prior to February 8, 2018, have not been met. 38 U.S.C. §§ 1155, 5103A, 5107; 38 C.F.R. §§ 3.340, 3.341, 4.16.

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran served on active duty from June 1945 to May 1946 and from February 1952 to August 1952. 

This appeal is from an April 2018 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). A timely notice of disagreement with the April 2018 denial of entitlement to a TDIU was received in June 2018. 

The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the September 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

The Board is cognizant that the United States Court of Appeals for Veterans Claims (Court) has held that a claim for a total rating based on individual unemployability due to a service-connected disability (TDIU), either expressly raised by the Veteran or reasonably raised by the record, is part of the claim for an increased rating. See Rice v. Shinseki, 22 Vet. App. 447 (2009). However, in this case the Veteran is rated as 100 percent disabled and is in receipt of special monthly compensation ( under 38 U.S.C. § 1114 (k) from February 8, 2018. While the award of SMC under 38 U.S.C. § 1114 (k) is independent of, and in addition to, any other compensation provided, including under 38 U.S.C. § 1114(s), the combined rate of compensation may not exceed the monthly rate set forth in 38 U.S.C. § 1114 (l). The record establishes that effective from March 1, 2018, the Veteran’s compensation rate adjustment with SMC pursuant to 38 U.S.C. § 1114 (k) was $3,079.47. The monthly rate set forth in 38 U.S.C. § 1114 (l) in effect from March 1, 2018 was $3,327.00. An award of SMC under 38 U.S.C. § 1114 (s) would be $2,993.00 and, if combined with the SMC payable under 38 U.S.C. 1114 (k), would exceed the limit specified at 38 U.S.C. § 1114 (l). Therefore, the award of a TDIU from February 8, 2018, would result in no further benefit, the issue of entitlement to a TDIU from February 8, 2018 is rendered moot, and the Board need not consider the issue of entitlement to a TDIU from February 8, 2018. See Buie v. Shinseki, 24 Vet. App. 242, 250 (2011); Bradley v. Peake, 22 Vet. App. 280, 294 (2008). 

1. Entitlement to a TDIU Prior to February 8, 2018

The Veteran contends that he is entitled to a TDIU prior to February 8, 2018. Specifically, the Veteran stated that he has not been able to obtain employment due to his inability to hear customers. See Correspondence received June 2018.

The AOJ found that the Veteran has not worked since 2001. 

The AOJ further found that the schedular requirements for entitlement to a TDIU have been met since March 6, 2009.

By way of history, the Veteran’s claim for entitlement to a TDIU was received on February 8, 2018. See VA Form 21-8940, Veteran’ Application for Increased Compensation Based on Unemployability, received in February 2018. In an April 2018 rating decision, the RO increased the Veteran’s evaluation of bilateral hearing loss from 60 percent disabling to 100 percent disabling, granted entitlement to special monthly compensation based on deafness of both ears from February 8, 2018, and determined that the issue of entitlement to individual unemployability was moot. The present claim arises from the Veteran’s disagreement with the determination that entitlement to a TDIU was moot prior to February 8, 2018. See Notice of Disagreement, received June 2018.

Under the governing law, a claim for entitlement to a TDIU is a claim for increased compensation, and the effective date rules for increased compensation apply to a TDIU claim. See Hurd v. West, 13 Vet. App. 449 (2000). Therefore, an effective date of a TDIU claim may be awarded during the one-year period prior to receipt of the claim if it is factually ascertainable that an increase in disability had occurred during that one-year period. Otherwise, the effective date will be the date of the claim or the date entitlement arose, whichever is later. 38 C.F.R. § 3.400 (o) (2). In this case, because the Veteran’s claim for entitlement to a TDIU was received on February 8, 2018, an effective date for the grant of a TDIU may be assigned during the period from February 9, 2017, through February 7, 2018, if it is factually ascertainable that an increase in disability occurred during that period. Otherwise, the effective date will be February 8, 2018, or the date entitlement arose, whichever is later. 

A TDIU may be granted where a veteran is unable to secure or follow a substantially gainful occupation as a result of a single service-connected disability ratable at 60 percent or higher, or as a result of two or more service-connected disabilities, provided at least one disability is ratable at 40 percent or higher, and there is sufficient additional service-connected disability to bring the combined rating to 70 percent or more. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.340, 3.341, 4.16 (a). Consideration may be given to a veteran’s level of education, special training, and previous work experience, but not to his or her age or to impairment caused by nonservice-connected disabilities. See 38 C.F.R. §§ 3.341, 4.16, 4.19.

Substantially gainful employment is defined as work that is more than marginal and that permits the individual to earn a living wage. See Moore v. Derwinski, 1 Vet. App. 356 (1991). Marginal employment is not considered substantially gainful employment.

The determination of whether a veteran is unable to secure or follow a substantially gainful occupation as a result of service-connected disability is a factual determination rather than a medical question. Therefore, responsibility for the ultimate determination of whether a veteran is capable of securing or following substantially gainful employment is placed on the VA, not a medical examiner. Geib v. Shinseki, 733 F.3d 1350, 1354 (Fed. Cir. 2013); see also 38 C.F.R. § 4.16; Floore v. Shinseki, 26 Vet. App. 376, 381 (2013).

The Veteran submitted a VA Form 21-8940, Veteran’s Application for Increased Compensation Based on Unemployability, in February 2018 indicating that he has a ninth grade education, that he most recently worked in 2001 as a recreational vehicle salesman, and that his service-connected bilateral hearing loss prevents him from working. In a June 2018 correspondence, the Veteran reported that he was no longer able to handle his customers and was not able to obtain employment after his previous employer went out of business. 

The VA treatment records show that the Veteran attended VA audiological appointments related to his service-connected bilateral hearing loss and for maintenance of his hearing aids. The VA audiological appointments reflect that the Veteran’s air-conduction thresholds and speech discrimination decreased from previous examinations; however, they do not contain information relating to the effect of the Veteran’s service-connected bilateral hearing loss and service-connected tinnitus on his ability to secure or follow substantially gainful employment. See, e.g., VA Audiology Note, dated June 2017. 

The Veteran was provided a VA examination in January 2018. The VA examiner reviewed the record, interviewed the Veteran and conducted an in-person examination. The VA examiner diagnosed the Veteran with bilateral sensorineural hearing loss. The VA examiner reported that the Veteran’s service-connected bilateral hearing loss impacts his ordinary conditions of daily living, including his ability to work. The Veteran described the impact on his ability to work as he can only communicate when he has his hearing aids in. The Veteran further stated that he is unable to use the right aid and it provides no benefit and that he has difficulty in all places. 

In view of the above, the Board finds that the evidence of record does not show that it is factually ascertainable that the Veteran was unable to secure or follow a substantially gainful occupation due to his service-connected disabilities in the one-year period prior to the February 8, 2018 claim for entitlement to a TDIU. The relevant evidence dated during that period reflects that the Veteran attended VA audiological appointments. The June 2017 VA appointment reflects that the Veteran’s air-conduction thresholds and speech discrimination decreased from previous examinations. Such evidence does not establish that it was factually ascertainable that an increase in disability caused the Veteran to become unable to secure or follow a substantially gainful occupation due to his service-connected disabilities during that period. In addition, the January 2018 VA examination reflects a diagnosis of bilateral sensorineural hearing loss and that the Veteran has difficulty communicating when his hearing aids are not used. Such evidence also does not establish that it was factually ascertainable that an increase in disability caused the Veteran to become unable to secure or follow a substantially gainful occupation due to his service-connected disabilities during that period. 

In arriving at this conclusion, the Board recognizes that the Veteran’s service-connected disabilities had an impact on his occupational functioning. The record shows that the Veteran’s hearing decreased in the one-year period prior to February 8, 2018, and that he had difficulty understanding conversations without using his hearing aids. Nevertheless, the medical evidence of record does not show that it was factually ascertainable that the Veteran was unable to secure or follow a substantially gainful occupation by reason of his service-connected disabilities prior to February 8, 2018. 

In view of the foregoing, the Board concludes that the preponderance of the evidence is against the appeal for entitlement to a TDIU prior to February 8, 2018. Because the preponderance of the evidence is against the appeal, the benefit-of-the-doubt doctrine is not for application, and the appeal must be denied. 38 U.S.C. § 5107 (b); see also Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

VA’s Duty to Notify and Assist

With respect to the Veteran’s claim herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156 (a), 3.159, 3.326; see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

 

U. R. POWELL

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD B. G. LeMoine, Associate Counsel