﻿Citation Nr: AXXXXXXXX
Decision Date: 06/25/19 Archive Date: 06/24/19

DOCKET NO. 190517-6028
DATE: June 25, 2019

ORDER

Entitlement to an effective date of July 1, 2009, for the grant of a total disability rating based on individual unemployability (TDIU) is granted. 

FINDING OF FACT

1. VA received the Veteran’s formal claim for a TDIU on August 28, 2012; however, a claim for a TDIU was raised as part-and-parcel of the Veteran’s claim for a higher initial rating for posttraumatic stress disorder (PTSD). 

2. Resolving reasonable doubt in the Veteran’s favor, the Veteran’s service-connected disabilities have precluded him from maintaining substantially gainful occupation since July 1, 2009. 

CONCLUSION OF LAW

The criteria for an earlier effective date of July 1, 2009, for the grant of a TDIU have been met. 38 U.S.C. § 5107(b); 38 C.F.R. §§ 3.1, 3.340, 3.341, 4.16, 4.19.

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program. 

The Veteran served on active duty from January 1955 to October 1958. The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form in November 2018. Accordingly, the February 2019 rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 

The Veteran submitted a request for direct review in May 2019. 

This appeal has been advanced on the Board’s docket pursuant to 38 C.F.R. § 20.900 (c).

1. Entitlement to an effective date of July 1, 2009, for the grant of a TDIU is granted.

The Veteran seeks entitlement to an effective date prior to August 28, 2012, for a TDIU. He and his attorney contend an effective date of July 1, 2009, is warranted based on it being the effective date of the award of service connection for his PTSD from which he sought a higher initial rating. 

A claim for TDIU may be filed as a freestanding claim. In addition, TDIU may be an element of a claim for an increased disability rating when unemployability is raised by the record. See Rice v. Shinseki, 22 Vet. App. 447 (2009). Except as otherwise provided, the effective date of a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400. A TDIU claim is one for increased compensation; therefore, the effective date rules for increased compensation apply to a TDIU claim. Rice v. Shinseki, 22 Vet. App. 447, 454 (2009); Hurd v. West, 13 Vet. App. 449, 451-52 (2000). The effective date of an award for increased disability compensation shall be the earliest date as of which it is factually ascertainable that an increase in disability has occurred, if the claim is received within one year from such date; otherwise, it is the date of receipt of the claim. 38 U.S.C. § 5110 (b)(2); 38 C.F.R. § 3.400 (o)(2); see also Hazan v. Gober, 10 Vet. App. 511 (1997) (requiring VA to consider the evidence of disability during the period one year prior to the application in order to determine when a factually ascertainable increase in disability occurred).

A “claim” is defined as a formal or informal communication, in writing, requesting a determination of entitlement, or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1 (p). In general, “date of receipt” means the date on which a claim, information, or evidence was received by VA. 38 C.F.R. § 3.1 (r).

Total disability ratings for compensation may be assigned when a veteran is unable to secure and follow a substantially gainful occupation. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.340, 3.341, 4.16. If the schedular rating is less than total, a total disability evaluation can be assigned based on individual unemployability if the Veteran is unable to secure or follow a substantially gainful occupation as a result of service connected disability provided that if there is only one such disability, this disability shall be ratable at 60 percent or more; if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16 (a).

In this case, the Veteran’s claim for service connection for PTSD was received July 1, 2009. In February 2010, the RO denied the Veteran’s claim. In an August 2012 Board decision, service connection for an acquired psychiatric disorder to include PTSD, depression and anxiety, was granted. In August 2012, the RO implemented the Board’s grant of service connection effective July 1, 2009, with a 30 percent evaluation. In August 2012, the Veteran filed a notice of disagreement with the assigned evaluation. In a December 2015 Board decision, the Board denied entitlement to an initial rating in excess of 30 percent for service-connected acquired psychiatric disorder and remanded entitlement to a TDIU. The Veteran appealed the Board decision to the United States Court of Appeal for Veterans Claims (Court). In June 2016, pursuant to a Joint Motion for Partial Remand (JMR), the Court vacated the December 2015 Board decision and remanded the claims for action consistent with the terms of the JMR. 

In August 2016, the Board remanded those issues pursuant to the terms of the JMR. Thereafter, in a December 2016 rating decision, the RO granted an initial 50 percent rating for the Veteran’s acquired psychiatric disorders, effective from the July 1, 2009, grant of service connection. In a March 2018 Board decision, an initial 70 percent rating for acquired psychiatric disorder was granted, effective from the July 1, 2009, grant of service connection. Additionally, the Board found the Veteran was entitled to a TDIU based on his service-connected disabilities. 

In April 2018, the RO implemented the Board’s grant of entitlement to a TDIU effective August 28, 2012. In October 2018, the Veteran filed a notice of disagreement with the effective date assigned for his TDIU. In February 2019, after enrollment in RAMP, the RO denied entitlement to an earlier effective date for TDIU. 

Accordingly, although the Veteran filed a formal claim for TDIU in August 2012, pursuant to Rice, entitlement to a TDIU is considered part and parcel of his claim for a higher initial rating. Thus, the effective date of the award of service connection for acquire psychiatric disorders could potentially be assigned as the effective date for his TDIU, if the evidence shows that he met the schedular criteria and was unable to secure or follow a substantially gainful occupation due to his service-connected disabilities, including his acquire psychiatric disorder, since that time. For the reasons that follow, the Board finds that an earlier effective date of July 1, 2009, is warranted. 

The AOJ indicated no favorable findings in the February 2019 rating decision. 

Prior to August 28, 2012, the Veteran was service-connected for acquired psychiatric disorder, to include posttraumatic stress disorder (rated 70 percent from July 1, 2009); thoracolumbar degenerative disc disease with symptoms of bilateral lower extremity radiculopathy (rated 10 percent from October 16, 1958, and 20 percent from October 31, 2007); left shoulder impingement (rated zero percent from October 16, 1958, and 20 percent from June 14, 2011); bilateral tinnitus (rated 10 percent from October 31, 2007); scar, right temporal region (rated zero percent from October 16, 1958); and bilateral hearing loss (rated zero percent from October 31, 2007). 

Based on the foregoing, the Veteran met the criteria for an award of schedular TDIU as of July 1, 2009. Thus, the central inquiry is whether the Veteran’s service-connected disabilities alone are of sufficient severity to produce unemployability. Hatlestad v. Brown, 5 Vet. App. 524 (1993). Consideration may be given to the Veteran’s education, special training, and previous work experience, but not to his age or to the impairment caused by non-service-connected disabilities. 38 C.F.R. §§ 3.341, 4.16, 4.19; Van Hoose v. Brown, 4 Vet. App. 361 (1993). 

On his August 2012 application for a TDIU, the Veteran indicated he last worked in 1978 as a plumber and that all of his service-connected disabilities prevented him from securing or following any substantially gainful occupation. See VA Form 21-8940. The Veteran further reported two years of high school and no other education or training before becoming too disabled to work. 

A July 1998 award letter from the Social Security Administration (SSA) indicates the Veteran was found to have become disabled for SSA purposes in October 1997. The Board notes a June 2011 notification letter indicates the Veteran’s SSA records, including the medical records used in making the disability determination, are not available or have been destroyed. 

As recounted in the Board’s March 2018 decision, the June 2009 private psychiatric evaluation stated that the Veteran’s difficulties with impulse control, irritability, and his reports of suicidal and homicidal ideation impacted his ability to be employed and made the Veteran unable to maintain a normal standard of living. 

A January 2010 mental disorders VA examination report indicates the Veteran reported working as a plumber for 38 years before retiring due to back, shoulder, and neck problems. The report indicates the Veteran retired in 1998. The examiner reported mental disorder signs and symptoms that are transient or mild and decrease work efficiency and ability to perform occupational tasks only during periods of significant stress. The examiner noted that the Veteran’s anxiety and depressive symptoms affect concentration, speed of processing, and motivation for hobbies; but he manages to accomplish daily tasks. The examiner also noted there may be some impact on energy levels coming from his medical conditions as well.

The Veteran’s medical treatment records indicate symptoms in line with the June 2009 private evaluation and the January 2010 VA examination. 

The Board finds that the evidence of record establishes that the Veteran’s service-connected acquired psychiatric disability is significant enough to preclude him from securing or following a substantially gainful occupation. The record also indicates that he has limitations regarding concentration, focus, and symptoms of rage, irritability and homicidal ideation along with his pain symptoms which render him unable to be substantially, gainfully employed. See, e.g., June 2009 private psychiatric evaluation; see also July 2011 VA examination. 

In reaching this conclusion, the Board recognizes that a February 2018 private psychiatric examination found the Veteran incapable of working based on his service-connected disabilities, including his acquired psychological disorders, lumbar spine pain, and left shoulder pain, and that the Veteran’s symptoms and ratings have been similarly rated since prior to the period on appeal. Thus, resolving all reasonable doubt in the Veteran’s favor, the Board finds that the Veteran’s service-connected acquired psychiatric disability has precluded him from securing or following substantially gainful occupation in accordance with his background and education level since July 1, 2009.

In conclusion, the issue of entitlement to a TDIU was raised as part and parcel of the claim for a higher initial rating for PTSD, which was filed in connection with the grant of service connection for this disability effective July 1, 2009. See Rice v. Shinseki, 22 Vet. App. 447, 453 (2009); see also Harper v. Brown, 10 Vet. App. 125 (1997)(the Veteran’s notice of disagreement with the initial rating assigned in connection with the grant of service connection, combined with evidence of unemployability, resulted in the issue of entitlement to a TDIU from the effective date of the grant of service connection being on appeal). The date of claim for purposes of the effective date for the grant of TDIU is therefore July 1, 2009, which is the effective date of the grant of service connection for PTSD. Accordingly, entitlement to a TDIU from the July 1, 2009, is warranted.

 

D. JOHNSON

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD M. Aoughsten, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.