﻿Citation Nr: AXXXXXXXX
Decision Date: 09/26/19 Archive Date: 09/26/19

DOCKET NO. 181002-5457
DATE: September 26, 2019

ORDER

Entitlement to an effective date prior to January 1, 2018, for the grant of a total disability rating based on individual unemployability (TDIU) is denied.

FINDINGS OF FACT

1. From June 26, 2016 to July 30, 2017, the Veteran was employed and capable of obtaining and retaining employment. 

2. From July 31, 2017 to January 1, 2018, the Veteran received a 100 percent evaluation for hospitalization in the posttraumatic stress disorder (PTSD) residential program.

3. Effective January 1, 2018, TDIU was granted.

CONCLUSION OF LAW

The criteria for the assignment of an effective date prior to January 1, 2018 for the grant of a TDIU have not been met. 38 U.S.C. §§ 5101, 5110; 38 C.F.R. §§ 3.151, 3.155, 3.340, 3.341, 3.400, 4.16.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

In April 2018, the Veteran elected to participate in the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). The Rating Decision on appeal was issued in July 2018. 

The Veteran served on active duty in the Army from November 1989 to November 1991. The Veteran selected Higher-Level Review lane when she opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Accordingly, the July 2018 AMA rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

The Veteran has not raised any issues with the duty to notify or duty to assist. Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that "the Board's obligation to read filings liberally does not require the Board . . . to search the record and address procedural arguments when the veteran fails to raise them before the Board."); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to a duty to assist argument).

Entitlement to an effective date prior to January 1, 2018 for the grant of TDIU

The Veteran seeks the assignment of an earlier effective date for her TDIU. The Veteran’s claim for a TDIU was received on June 26, 2017. Thus, the rating period on appeal is one year prior to receipt of the claim – June 26, 2016. TDIU has been in effect since January 1, 2018.

At the outset, it is noted that a claim for TDIU is considered an increased rating claim. See Dalton v. Nicholson, 21 Vet. App. 23, 31-32 (2007); Hurd v. West, 13 Vet. App. 449, 451-52 (2000). Regarding the assignment of effective dates for increased rating claims, an award based on a claim for an increase in compensation shall be fixed in accordance with the facts found, but shall not be earlier than the date of the receipt of application therefore. 38 U.S.C. § 5110 (a). The effective date for an increased rating may be assigned on the date of receipt of claim or the date entitlement arose, whichever is later. 38 C.F.R. § 3.400 (o)(1). For increased ratings claims, however, the RO may assign the earliest date when it is ascertainable that the increase occurred, provided the claim for an increased rating was received within one year of the date that the increase occurred. 38 U.S.C. § 5110 (b)(2); 38 C.F.R. § 3.400 (o)(2); Harper v. Brown, 10 Vet. App. 125 (1997); Quarles v. Derwinski, 3 Vet. App. 129, 134-35 (1992). The effective date rules for increased compensation apply to a TDIU claim. See Hurd v. West, 13 Vet. App. 449 (2000).

For TDIU, entitlement requires the presence of an impairment so severe that it is impossible for the average person to follow a substantially gainful occupation. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.340, 3.341, 4.15, 4.16. For an appellant to prevail on a claim for TDIU, the sole fact that the veteran is unemployed or has difficulty obtaining employment is not enough. The question is whether the veteran is capable of performing the physical and mental acts required by employment, not whether the veteran can find employment. 38 C.F.R. § 4.16 (a); Van Hoose v. Brown, 4 Vet. App. 361, 363 (1993). "Substantially gainful employment" is employment "which is ordinarily followed by the nondisabled to earn their livelihood with earnings common to the particular occupation in the community where the veteran resides." Moore v. Derwinski, 1 Vet. App. 356, 358 (1991). "Marginal employment shall not be considered substantially gainful employment." 38 C.F.R. § 4.16 (a). Consideration may be given to the Veteran's level of education, special training, and previous work experience, but factors such as age or impairment caused by non-service-connected disabilities are not to be considered. 38 C.F.R. §§ 3.341, 4.16, 4.19; Van Hoose, 4 Vet. App. at 363. The ultimate question of whether a Veteran is capable of substantially gainful employment is for the adjudicator. See 38 C.F.R. § 4.16 (a); Geib v. Shinseki, 733 F.3d 1350, 1354 (Fed. Cir. 2013) (noting that "applicable regulations place responsibility for the ultimate TDIU determination on the [adjudicator], not a medical examiner"); Floore v. Shinseki, 26 Vet. App. 376, 381 (2013). 

In this case, the Veteran contends that an earlier effective date for TDIU is warranted because her service-connected PTSD prevented her from securing or following substantially gainful employment prior to January 1, 2018.

As previously noted, the rating period on appeal starts from June 24, 2016. Although service connection is in effect for allergic rhinitis, rated at 0 percent, the Veteran has only contended that her PTSD renders her unemployable. Thus, the Board will consider the claim in this regard. 

The record shows that the Veteran’s PTSD was rated as 50 percent disabling, effective October 21, 2014; 100 percent disabling, per 38 C.F.R. § 4.29, effective August 24, 2015; 50 percent disabling, effective October 1, 2015; 100 percent disabling, per 38 C.F.R. § 4.29, effective October 5, 2015; 50 percent disabling, effective April 1, 2016; 100 percent disabling, per 38 C.F.R. § 4.29, effective July 31, 2017; and 70 percent disabling, effective January 1, 2018. Entitlement to TDIU was granted, effective January 1, 2018. See July 2018 Rating Decision.

From June 24, 2016 through July 30, 2017, the record does not show that the Veteran’s PTSD rendered her unable to obtain or retain employment. Rather, the evidence shows that she was employed until she encountered legal and nonservice connected complications.

A March 2016 VA examination report records that the Veteran joined the military at the age of 19 after graduating from high school. After completing her active service, the Veteran reported having a few jobs, including serving as a nanny, doing electrical work, painting and detailing cars and a cleaning service business, which she sold to her brother in 2012 to attend court ordered PTSD treatment, and that she continued to work in housekeeping after completing PTSD treatment in February 2015. The Veteran reported to the examiner that she had a massage license and opened a massage and facial location, which she closed because of court ordered PTSD treatment. She reported that she had a felony on her record since 2014 for trespassing, domestic violence, and threatening and was ordered by the court to undergo treatment until November 2016 as a part of her probation program. The Veteran added that she could not work because of the felony on her record precluded her from gaining employment and claimed that she wanted to work after the felony was removed after completing her treatment. After recording the Veteran’s history and examining her, the examiner found that the Veteran’s PTSD was productive of occupational and social impairment with occasional decrease in work and intermittent periods of inability to perform occupational tasks.

An April 2017 Report of Incarceration shows that the Veteran was booked for a misdemeanor. 

A July 2017 VA examination report shows that from October 2016 to May 2017 the Veteran was a part of Compensated Work Therapy (CWT), a VA program that assists Veterans with seeking employment, obtaining employment through VA or in general, returning to work. The Veteran described her role to the examiner as working in the kitchen and in housekeeping. However, she added that she missed a couple of days of work per week due to anxiety and working around men and feeling overwhelmed with a busy VA environment and felt she could not continue working. The examiner also noted that in May 2017, the Veteran ended CWT because she was in a bike accident and hurt her ankle. The Veteran could not return to work for a period of time and she wanted to focus her time on other things. It was noted that the Veteran did an excellent job and her work ethic was fantastic and she was dependable. All her co-workers and supervisors spoke very highly of her work and there were no issues with her or if she was interested in returning to housekeeping. After examination, the examiner found that the Veteran’s PTSD was productive of occupational and social impairment with reduced reliability and productivity.

(Continued on the next page)

 

Based on the foregoing, the Board notes that the Veteran was gainfully employed until she officially ended CWT in June 2017 due to an ankle injury. Service connection for an ankle injury is not in effect. Thus, consideration of this disability is prohibited. Accordingly, the record does not show that the Veteran’s service-connected disabilities rendered her unable to obtain and retain employment prior to July 30, 2017. Further, per 38 C.F.R. § 4.29, from July 31, 2017 until January 1, 2018, the Veteran was in receipt of a temporary total rating for PTSD hospitalization or observation. 

As such, the assignment of January 1, 2018, is the earliest effective date allowable based on her service-connected disabilities. The Veteran was employed and capable of working during the rating period on appeal. Based on the foregoing, the claim for the assignment of an effective date prior to January 1, 2018 for TDIU is denied.

 

C. CRAWFORD

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Khan, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.