# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-2247

DEE W. KILPATRICK,                                             APPELLANT,

v.

TOGO D. WEST, JR.
SECRETARY OF VETERANS AFFAIRS,                    APPELLEE.

Before NEBEKER, *Chief Judge*, and HOLDAWAY and STEINBERG, *Judges*.

## O R D E R

The appellant appeals through counsel an August 24, 1998, Board of Veterans' Appeals (Board) decision that denied Department of Veterans Affairs (VA) financial assistance in the purchase of special adaptive housing, an automobile, and adaptive equipment, and a special home-adaptation grant. Record (R.) at 3. On May 11, 1999, the appellant filed a brief. On October 15, 1999, the Secretary filed a brief. In his brief, the Secretary does not address the appellant's primary arguments, but the Secretary also asserts that "[h]e specifically does not concede any issue . . . which [he] did not address, and reserves the right to address same if the Court finds it necessary or advisable." Brief (Br.) at 7. The Court does.

Hence, we will order the Secretary to file a supplemental brief in this case addressing all of the appellant's arguments that the Secretary has not yet addressed and as to which he does not "concede" the appellant's position, including those identified in the section of the Secretary's brief captioned, "*2. Appellant's Newly-Raised Arguments*" (Br. at 4). The Secretary's supplemental brief should include a discussion of the appellant's arguments concerning the validity of VA Gen. Coun. Prec. 24-97 (July 3, 1997), both substantively and in terms of the process by which it was issued by VA, as well as whether it applies to this case and whether any deference is owed to that precedential opinion, *see Chevron v. Natural Resources Defense Council*, 467 U.S. 837, 843 (1984). Finally, the Secretary should address the application of *Maggitt v. West*, No. 99-7023, 2000 WL 124452 (Fed. Cir. Feb. 3, 2000), and *Stuckey v. West*, 13 Vet.App. 163 (1999), to the Secretary's argument that the Court should not address the arguments raised by the appellant to the Court but not to the Board in this case.

Upon consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the Secretary file, and serve on the appellant, a supplemental brief in accordance with this order and that addresses those arguments raised in the appellant's brief that the Secretary does not concede. It is further

ORDERED that, not later than 20 days after service of the Secretary's supplemental brief, the appellant may file a supplemental brief in response.

DATED:          March 21, 2000                              PER CURIAM.