# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-749

VANCE I. HURD, APPELLANT,

V.

TOGO D. WEST, JR.,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided    April 25, 2000   )

*Sean Kendall*, of Washington, D.C., was on the brief for the appellant.

*Leigh A. Bradley*, General Counsel; *Ron Garvin*, Assistant General Counsel; *Michael A. Leonard*, Deputy Assistant General Counsel; and *Richard Scott Ragan*, of Washington, D.C., were on the brief for the appellee.

Before HOLDAWAY, IVERS, and GREENE, *Judges*.

HOLDAWAY, *Judge*: The appellant, Vance I. Hurd, appeals from a February 1999 decision of the Board of Veterans' Appeals (BVA or Board) which determined that he was not entitled to an effective date for a total disability rating based on individual unemployability (TDIU) prior to April 7, 1992.  Both parties have filed briefs.  The Court has jurisdiction of the case under 38 U.S.C. § 7252(a).  For the following reasons, the Court will affirm the decision of the Board.

## I.  FACTS

The appellant served on active duty in the U.S. Army from December 1958 to August 1977. In September 1977, the appellant was granted service connection for intervertebral cervical disc syndrome and lumbosacral strain with a combined 50% disability rating.

In September 1984, the appellant submitted a claim for an increased rating.  The appellant did not specifically state how his condition had worsened but merely offered the general conclusion

that his condition "has been getting worse." In response, VA sent the appellant a letter which stated that it was necessary for him to submit evidence describing his current disability. The letter requested that if the appellant had been treated at a VA medical facility that he inform VA of when and where he was treated. The letter also advised:

> If you have not recently been examined or treated by a doctor and if you cannot submit other evidence of increased disability, you may submit your own statement. It should completely describe your symptoms, their frequency and severity, and any further involvement, extension or additional disablement caused by your service-connected disability.

> You are entitled to medical treatment without charge for your service-connected disability at any VA medical facility. If your condition has worsened, you should request treatment from your nearest VA medical facility. At the time the treatment is furnished, you should ask the facility to supply this office with a complete copy of the report of any treatment given [to] you (including any diagnosis, treatments or clinical findings).

The appellant did not respond to the VA letter.

On April 7, 1992, the appellant filed another claim for an increased disability rating. Pursuant to this request, VA provided him with a medical examination in July 1993. In July 1994, a VA regional office (VARO) increased the appellant's combined disability rating to 70% and granted him individual unemployability effective from April 7, 1992. The VARO found that the appellant was not entitled to an earlier effective date because he had not pursued his 1984 claim.

The appellant filed a Notice of Disagreement (NOD) alleging that he was entitled to an effective date of September 1984, the date when he had first filed a claim for an increased disability rating. He stated that he had not sent VA additional medical records in 1984 because he did not have any, but that he had repeatedly requested to be reevaluated for his condition. He stated that he had written VA a letter explaining that he did not have any medical evidence and would like to be evaluated because his condition had become worse. In support of his claim, he submitted a statement from a former co-worker who stated that the appellant frequently had troubles at work with his back during the period from 1980 to 1983 and that in 1983 he was forced to resign due to his back condition. In August 1996, the appellant submitted a copy of a 1996 Social Security Administration decision which awarded him an effective date of December 1983 for his benefits. At a VA hearing in March 1997, the appellant again asserted that he had responded to the 1984

request for information. He stated that he had told the VARO that he did not have any new medical records. He also stated that he had repeatedly asked for a new medical evaluation for his condition. At an October 1997 BVA hearing, the appellant again insisted that he had responded to the VARO's 1984 letter and explained that in 1984 he did not have any medical records to submit in support of his claim.

On appeal, the Board found that a preponderance of the evidence was against an effective date earlier than April 7, 1992, for the appellant's TDIU benefits. Specifically, the Board found that the appellant had abandoned his 1984 claim for an increased disability rating. The Board held,

> [P]rinciples of administrative regularity dictate a presumption that government officials have properly discharged their official duties. That is, absent some evidence which would tend to indicate administrative irregularity, the Board must presume that any response mailed to the [VARO] would have been received by the [VARO] and associated with the claims file. The Board notes no such irregularities. Thus, the Board must conclude that no such response was sent to the [VARO].

The Board also found that the record did not indicate that the appellant was unemployable prior to April 1992.

## II. ANALYSIS

The effective date of an award for an increased disability rating is the earliest date when it is ascertainable that an increase in disability occurred, if the application for an increase is received within one year from the date of increase. 38 U.S.C. § 5110(b)(2); *see Hazan v. Gober*, 10 Vet.App. 511 (1997). The Court reviews the Board's determination as to the effective date of an award under the "clearly erroneous" standard of review. *Stewart v. Brown*, 10 Vet.App. 15 (1997). Under this standard, the Court must affirm the Board's findings if there is a "plausible basis" in the record. *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990).

In this case, the Court finds that there is a plausible basis in the record for the Board's finding that the appellant was not entitled to an earlier effective date for his TDIU rating. The record on appeal does not contain any medical evidence dated prior to April 1992 which found that the appellant was entitled to a TDIU rating. The first evidence which showed that the appellant was entitled to a TDIU rating is the July 1993 VA medical examination taken in conjunction with his claim for an increased rating filed in April 1992. In his brief, the appellant argues that his Social Security award shows that the appellant was unemployable as early as 1983. However, even

assuming that this evidence demonstrates that a TDIU rating would have been warranted, in order to obtain an earlier effective date, his application must have been received within one year of the date of the increase in disability. 38 U.S.C. § 5110(b)(2) ("The effective date of an award of increased compensation shall be the earliest date as of which it is ascertainable that an increase in disability had occurred, if application is received within one year from such date.") Here, the appellant filed his claim in April 1992 but did not submit the Social Security decision until August 1996. Therefore, the Court finds no error in the Board's assignment of an effective date of his award.

In the alternative, the appellant argues that the September 1984 VARO decision is not final because it (1) failed to provide him notice of his appellant rights and (2) violated the duty to assist by failing to schedule him for a medical examination. Regarding his first argument, the appellant argues that the September 1984 VARO correspondence effectively denied his claim for an increased rating. He maintains that because of that failure to inform him of his appellate rights, that decision has not become final. However, under 38 C.F.R. § 3.158:

> [W]here evidence requested in connection with . . . a claim for increase . . . is not furnished within 1 year after the date of request, the claim will be considered abandoned. After the expiration of 1 year, further action will not be taken unless a new claim is received. Should the right to benefits be finally established . . . [increased] compensation . . . shall commence not earlier than the date of filing the new claim.

38 C.F.R. § 3.158(a). The facts of this case fit squarely into the prescribed course of action under this regulation. The appellant filed a claim for an increased rating and the VARO requested additional evidence. When the appellant did not respond within one year, his claim was considered abandoned under 38 C.F.R. § 3.158. Furthermore, this regulation requires no further action by the VARO until a new claim is received. Once a claim has been abandoned under 38 C.F.R. § 3.158, the Secretary need not advise a claimant of his appellate rights.

The appellant's second argument, that the September 1984 VARO correspondence is not final decision because the VARO violated its duty to assist, is based on the U.S. Court of Appeals for the Federal Circuit's (Federal Circuit) decision in *Hayre v. West*, 188 F.3d 1327 (Fed. Cir. 1999). In *Hayre*, the appellant argued that clear and unmistakable error (CUE) existed in a prior VARO decision. The Federal Circuit, although finding that CUE did not exist, held that "a single request for pertinent SMRs [service medical records] specifically requested by the claimant and not obtained

4

by the [VARO] does not fulfill the duty to assist." *Hayre*, 188 F.3d at 1332. The Federal Circuit concluded that if "the [VARO] breached the duty to assist in 1972, then the 1972 [VARO] decision is not final for the purposes of direct appeal." *Id.* at 1333. Applying this holding to the facts of this case, the appellant argues that the VARO violated the duty to assist by failing to schedule a medical examination. Thus, under *Hayre*, the appellant avers that the September 1984 correspondence was not a final decision for the purposes of appeal.

On the contrary, the Court finds that the VARO did not violate the duty to assist in this case. The September 1984 VARO letter specifically stated that the appellant was entitled to a VA medical examination and treatment at VA expense. The letter instructed the appellant to contact his local VA medical facility to arrange for an appointment. VA's duty to assist "is not always a one-way street. If a veteran wishes help, he cannot passively wait for it." *See Wood v. Derwinski*, 1 Vet.App. 190, 193 (1991). In this case, if the appellant had repeatedly asked for an examination, he easily could have had one scheduled by following the instructions of the VARO's letter. *See Glover v. West*, 185 F.3d 1328, 1332 (Fed. Cir. 1999) (claimant required to provide evidence of increased disability in order for VA to be required to provide medical reexamination). Indeed, the appellant was urged by the VARO to make arrangements for a medical examination to which he was entitled free of charge, if he thought there had been an increase. The appellant ignored this suggestion as he did the VARO's request that he submit a more detailed lay statement of how his condition had worsened if he had not medical evidence of an increase. By failing to respond to the VARO letter, the Board's finding that the appellant abandoned his claim is correct. This relieved the Secretary of any responsibility to assist him in pursuing that claim.

Moreover, the Court is not convinced that, even if the VARO had marginally breached its duty to assist by not scheduling an appointment, this breach would have been the type of "grave procedural error" contemplated by the Federal Circuit in *Hayre* which would render a claim nonfinal. *Cf. Tetro v. West*, __ Vet.App. __, No. 97-1192 (Apr. 4, 2000). In *Hayre*, the Federal Circuit stated, "When a veteran's SMR's are unavailable, the VA's duty to assist . . . [is] heightened . . . because 'the veteran's possession of [SMRs] is a decidedly abnormal situation. The Veteran cannot reasonably be expected to have such records.'" *Hayre*, 188 F.3d at 1332 (quoting from a VA circular). The Federal Circuit concluded, "A breach of the duty to assist in which the VA failed to obtain pertinent

SMRs specifically requested by the claimant and failed to provide the claimant with notice explaining the deficiency is a procedural error . . . that vitiates the finality of an RO decision for the purposes of direct appeal." *Id.* at 1333. What the Federal Circuit did not hold is as important as what it did. The Federal Circuit did not hold that all breaches of the duty to assist are such grave procedural errors that they render a claim nonfinal. The Federal Circuit seemingly singled out SMRs for special attention because those records are irreplaceable and in the hands of the government. The SMRs are vital to most claims. Without them, claimants generally have no other means to prove that a disability was incurred during military service. In the case at bar, the evidence allegedly sought by the appellant, i.e., a medical examination, could have been obtained without government assistance. Of course, VA is required by law to provide such assistance, which it offered to the appellant. Whether or not such a putative violation is the type of grave procedural error is a question left open by the Federal Circuit in *Hayre.* Since the Court will affirm the Board's decision on other grounds, the Court need not answer this question today.

### III. CONCLUSION

After consideration of the pleadings and a review of the record, the Court holds that the appellant has not demonstrated that the Board committed either legal or factual error which would warrant reversal or remand. The Court is also satisfied that the Board decision fulfills the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1). *See Gilbert, supra*.

The decision of the Board is AFFIRMED.