﻿Citation Nr: AXXXXXXXX
Decision Date: 11/29/19 Archive Date: 11/29/19

DOCKET NO. 191107-43085
DATE: November 29, 2019

ORDER

An effective date prior to June 16, 2016 for the award of a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) is denied.

An earlier effective date prior to June 16, 2016 for the award of basic eligibility for dependents educational assistance (DEA) benefits under 38 U.S.C., Chapter 35, is denied.

FINDINGS OF FACT

1. There is no factually ascertainable date before June 16, 2016 and within one year prior of the February 28, 2017 claim for TDIU that indicates that the service-connected disabilities prevented the Veteran from maintaining substantially gainful employment.

2. The Veteran was honorably discharged from service and was granted an earlier effective date of June 16, 2016 for TDIU, which is a permanent total service connected disability.

CONCLUSIONS OF LAW

1. The criteria for an effective date prior to June 16, 2016 for the award of TDIU have not been met. 38 U.S.C. § 5110; 38 C.F.R. §§ 3.400, 4.16; Gaston v. Shinseki, 605 F.3d 979, 984 (Fed. Cir. 2010).

2. The criteria for an effective date prior to June 16, 2016 for the award of basic eligibility for DEA benefits under 38 U.S.C., Chapter 35, have not been met. 38 U.S.C. §§ 3501, 5110; 38 C.F.R. §§ 3.400, 21.3020, 21.3021.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA), creates a new framework of review for veterans who disagree with VA’s decision on their claim. 

The Veteran served on active duty in the United States Army from April 1961 to April 1981. The rating decision on appeal was issued in March 2019. In January 2019, the Veteran selected the Supplemental Claim lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. In May 2019, the Veteran filed a Decision Review Request for higher-level review. In the June 2019 AMA rating decision, the Agency of Original Jurisdiction (AOJ), also referred to as the Regional Office (RO), considered the evidence of record 30 days after the date VA received the RAMP election form. In November 2019, the Veteran timely appealed this rating decision to the Board and requested Direct Review.

1. Earlier Effective Date than June 16, 2016 for TDIU

Under Chapter 51 of Title 38 of the United States Code, the effective date for an increased rating for disability compensation will be the date entitlement arose, the earliest date as of which it is factually ascertainable that an increase in disability occurred if a claim is received within one year from such date, or the date of receipt of the claim, whichever is later. 38 U.S.C. § 5110(b)(2); 38 C.F.R. § 3.400(o); Gaston v. Shinseki, 605 F.3d 979, 984 (Fed. Cir. 2010). A TDIU claim is a claim for increased compensation, and the effective date rules for increased compensation apply to a TDIU claim. See Hurd v. West, 13 Vet. App. 449 (2000).

Disability ratings are determined by applying the criteria set forth in VA’s Schedule for Rating Disabilities (Rating Schedule), which is based on the average impairment of earning capacity. 38 U.S.C. § 1155. Total disability is considered to exist when there is any impairment which is sufficient to render it impossible for the average person to follow a substantially gainful occupation. Total disability may or may not be permanent. 38 C.F.R. § 3.340(a)(1). Total ratings are authorized for any disability or combination of disabilities for which the Rating Schedule prescribes a 100 percent rating. 38 C.F.R. § 3.340(a)(2). TDIU may be assigned when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. 38 C.F.R. § 4.16(a), (b).

The Veteran appeals for an earlier effective date for the grant of TDIU prior to June 16, 2016. 

A VA Form 21-8940 was filed on February 28, 2017, on which the Veteran reported being too disabled to work in 1999. In a March 2019 rating decision, the AOJ granted entitlement to TDIU with an effective date of February 28, 2017. In a subsequent June 2019 rating decision, the AOJ assigned a new effective date of June 16, 2016.

After a review of all the evidence, the Board finds that entitlement to TDIU arose on June 16, 2016 as that was the date when it was factually ascertainable that the service-connected disabilities prevented the Veteran from retaining substantially gainful employment.

The Veteran was service connected and rated for the following disabilities prior to June 16, 2016: posttraumatic stress disorder (PTSD) rated at 50 percent from December 9, 2013, bilateral hearing loss rated at 0 percent from December 17, 1996, degenerative arthritis of the left elbow rated at 10 percent from December 17, 1996, tinnitus rated at 10 percent from December 17, 1996, degenerative arthritis of the lumbar spine rated at 10 percent from December 9, 2013, and radiculopathy of the left lower extremity rated at 10 percent from December 9, 2013. The combined schedular rating was 70 percent from December 9, 2013 to February 28, 2017. 

It appears that the AOJ assigned an effective date of June 16, 2016 in the March 2019 rating decision, based on the June 16, 2016 fully developed claim for service connection for diabetes mellitus type II. Even though it is not explicitly stated in the June 16, 2016 fully developed claim, it appears that the AOJ construed the June 16, 2016 fully developed claim as a factually ascertainable date that an increase in disability occurred. 

As there is no other probative evidence to establish an earlier factually ascertainable date of entitlement to TDIU before June 16, 2016, no effective date for the award of TDIU earlier than June 16, 2016 (date entitlement arose) is assignable and the appeal for an earlier effective date as to the issue of entitlement to a TDIU must be denied. See Sabonis, 6 Vet. App. at 430 (where the law is dispositive, the claim must be denied due to a lack of legal merit). For these reasons, the Board concludes that an effective date prior to June 16, 2016 for the award of a TDIU is not warranted.

2. Earlier Effective Date Prior to June 16, 2016 for DEA

For the purposes of educational assistance under 38 U.S.C. Chapter 35, the child or surviving spouse of a veteran will have basic eligibility if the following conditions are met: (1) The veteran was discharged from service under conditions other than dishonorable, or died in service; and (2) the veteran has a permanent total service connected disability; or (3) a permanent total service-connected disability was in existence at the date of the veteran’s death; or (4) the veteran died as a result of a service-connected disability. 38 U.S.C. §§ 3501, 3510 (2012); 38 C.F.R. §§ 3.807(a), 21.3021 (2018). Except as provided in subsections (b) and (c), effective dates relating to awards under Chapters 30, 31, 32, and 35 of this title or Chapter 106 shall, to the extent feasible, correspond to effective dates relating to awards of disability compensation. 38 U.S.C. § 5113.

In this case, basic eligibility to DEA benefits has been established from June 16, 2016. The Veteran was honorably discharged from service. See DD Form 214. The Veteran was granted an earlier effective date of June 16, 2016 for TDIU in a June 2019 rating decision. The Board finds that a permanent and total disability rating was in effect as of June 16, 2016 and an earlier effective date prior to June 16, 2016 is not warranted. 38 U.S.C. §§ 3501, 3510; 38 C.F.R. §§ 3.807(a), 21.3021. 

Further, because the Veteran was not in receipt of a total disability rating prior to June 16, 2016, and the evidence does not reflect any basis other than the TDIU for which basic eligibility for DEA benefits would be warranted, entitlement to basic eligibility to DEA benefits cannot be granted prior to this June 16, 2016. As such, VA regulations do not provide for an effective date earlier than June 16, 2016, which is the date the Veteran was awarded the 100 percent total disability rating for TDIU.

 

 

J. PARKER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Costantino, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.