﻿Citation Nr: AXXXXXXXX
Decision Date: 11/29/19 Archive Date: 11/29/19

DOCKET NO. 190322-6664
DATE: November 29, 2019

ORDER

Entitlement to effective date of January 9, 2017, and no earlier, for the award of entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) is granted.

FINDING OF FACT

1. The Veteran’s claim of entitlement to a TDIU was raised as part of his December 27, 2017 claim for entitlement to a higher rating for service-connected posttraumatic stress disorder (PTSD).

2. Entitlement to a TDIU was factually ascertainable effective January 9, 2017. 

CONCLUSION OF LAW

The criteria for entitlement to a TDIU are met effective January 9, 2017. 38 U.S.C. §§ 5103, 5103A, 5107, 5110; 38 C.F.R. §§ 3.102, 3.340, 3.341, 3.400, 4.16.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from January 1967 to January 1969.

The rating decision on appeal was issued in February 2019 under the Appeals Modernization Act (AMA) system. In March 2019, the Veteran appealed the effective date assigned for entitlement to a TDIU to the Board, and selected the direct review of the evidence by a Veterans Law Judge. 

1. Entitlement to an effective date earlier than June 20, 2018 for entitlement to a TDIU.

The Veteran contends that he should be assigned an effective date earlier than June 20, 2018 for entitlement to a TDIU because both the date of claim and the date of the evidence showing that the Veteran is entitled to a TDIU are earlier than June 20, 2018. 

The AOJ found that the Veteran is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities based upon the VA medical examination of record and a statement from Dr. E.P., which notes functional limitations in a worklike setting due to service-connected PTSD.

The statutory and regulatory guidelines for the determination of an effective date for an award of disability compensation are set forth in 38 U.S.C. § 5110 and 38 C.F.R. § 3.400. The effective date of an evaluation and an award of compensation based on an original claim, a claim reopened after a final disallowance, or a claim for increase will be the date the claim was received or the date entitlement arose, whichever is later. See 38 C.F.R. § 3.400. 

An increased rating may be awarded up to one year prior to receipt of the claim if the evidence shows an increase in disability was factually ascertainable during that period. 38 C.F.R. § 5110(b)(2); 38 C.F.R. § 3.400(o)(2). For this purpose, the evidence must show that the increase in disability was sufficient to warrant a higher rating under the rating criteria. Hazan v. Gober, 10 Vet. App. 511, 519 (1992). Thus, determining the proper date for an increased rating requires (1) a determination of the date of the receipt of the claim for the increased rating and (2) a review of all the evidence of record since one year prior to the date of the claim to determine when an increase in disability was “factually ascertainable” in terms of meeting or approximating the criteria for a higher rating. See id. at 521. The assignment of an effective date for entitlement to a TDIU also includes this one-year look-back period. See Hurd v. West, 13 Vet. App. 449 (2000).

The first question before the Board is thus whether the date of the receipt of claim is earlier than June 20, 2018.

The February 2019 rating decision assigned an effective date of June 20, 2018 for entitlement to a TDIU, possibly because the Veteran’s VA Form 21-8940, Veteran’s Application for Increased Compensation Based on Unemployability, was received on June 20, 2018. However, in this case the issue of entitlement to a TDIU was raised by the record in connection with the Veteran’s claim of entitlement to an increased rating for service-connected PTSD. Rice v. Shinseki, 22 Vet. App. 447, 453-54 (2009). Specifically, the Veteran expressly raised the issue in his June 2018 notice of disagreement. Therefore, the claim used to calculate the effective date of entitlement to a TDIU in this case is the December 27, 2017 claim of entitlement to a higher rating for service-connected PTSD. There is no claim of entitlement to a TDIU or entitlement to an increased rating for PTSD earlier than this December 27, 2017 claim that is not the subject of a final rating decision. The date of claim is thus December 27, 2017.

The next question before the Board is whether the evidence from within one year prior to the December 27, 2017 claim showed that the Veteran’s entitlement to a TDIU was factually ascertainable. In this case, the February 2019 rating decision essentially found that the January 2019 VA examination of record and a statement by Dr. E.P. support a finding that the Veteran was entitled to a TDIU. 

As pointed out by the Veteran’s representative, the statement by Dr. E.P. that the February 2019 rating decision found supports the grant of entitlement to a TDIU is part of a VA examination as to PTSD dated in January 2017. The Board notes that the examination report indicates two dates for the examination – January 9, 2017 and January 12, 2017. The Board will resolve doubt in favor of the Veteran and find that the examination is dated January 9, 2017 as this date is more favorable to the Veteran.

The portion of the VA examination in question is the statement by Dr. E.P. that the Veteran’s PTSD symptoms would cause functional limitations in a work setting. Specifically, persistent sleep disturbances would impair his ability to work during the day, his suspicions of other people and feelings of estrangement from others would disrupt normal relationships with co-workers, and his exaggerated startle response and hypervigilance would disrupt his ability to function in a work setting. The AOJ mistakenly found that this statement was dated June 20, 2018, presumably because the relevant portion of the examination was resubmitted on that date. The January 9, 2017 VA examination is within one year prior to the December 27, 2017 date of claim, and thus is for consideration when determining the appropriate effective date. 

As noted above, the February 2019 rating decision essentially found that the substance of this January 9, 2017 VA examination supported their finding of entitlement to a TDIU. The Board cannot disturb this favorable finding by the AOJ unless it was the result of clear and unmistakable error. 38 C.F.R. § 3.104(c). Although there was clear and unmistakable error as to the date of the VA examination by Dr. E.P., there is no clear and unmistakable error as to the significance placed on the examination by the AOJ. The Board is bound by the AOJ’s finding that the January 9, 2017 examination supports the award of entitlement to a TDIU, and thus finds that entitlement to a TDIU was factually ascertainable as of January 9, 2017. Entitlement to a TDIU is not factually ascertainable based upon evidence from December 27, 2016 through January 8, 2017. As the date entitlement arose, January 9, 2017, is later than the date the 

 

claim was received, December 27, 2017, entitlement to an effective date of January 9, 2017, and no earlier, for entitlement to a TDIU is thus granted. 

 

 

U. R. POWELL

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Budd, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.