﻿Citation Nr: AXXXXXXXX
Decision Date: 06/29/20 Archive Date: 06/29/20

DOCKET NO. 190813-19358
DATE: June 29, 2020

ORDER

An effective date of October 3, 2014, for the grant of entitlement to a total disability rating based on individual unemployability (TDIU), claimed as due to service-connected posttraumatic stress disorder (PTSD) is granted.

FINDING OF FACT

Resolving all reasonable doubt in his favor, the Veteran’s service-connected disabilities, particularly his PTSD, have prevented him from securing and following a substantially gainful occupation since October 3, 2014.

CONCLUSION OF LAW

The criteria for the assignment of an effective date of October 3, 2014 for the grant of entitlement to a TDIU have been met. 38 U.S.C. §§ 1155, 5107, 5110; 38 C.F.R. §§ 3.340, 3.341, 3.400, 4.15, 4.16.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from November 1971 to September 1975. 

The Veteran selected the higher-level review lane when he opted into the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form in December 2018. Accordingly, an April 2019 rating decision was issued. The Veteran filed a Notice of Disagreement (NOD) in August 2019 and elected the lane for evidence submission reviewed by a Veteran Law Judge. 

Notably, the Veteran filed a claim for TDIU on October 3, 2014 and it was denied by way of a February 2015 rating decision. The Veteran filed a timely NOD in February 2015. The claim came before the Board of Veterans’ Appeal (Board) and it was remanded in June 2015 and in September 2018. Upon the most recent remand, the Regional Office (RO) granted TDIU effective March 25, 2019 by way of an April 2019 rating decision. The Board recognizes that the RO did not explicitly consider or issue a decision with respect to the entire appeal period, which extends to October 3, 2014—the date of the Veteran’s claim. The Board, however, finds that by extending the grant of TDIU to only March 25, 2019, the RO implicitly denied entitlement for a TDIU for the appeal period prior to that. Notwithstanding, the Veteran has filed a timely NOD seeking an earlier effective date. Therefore, it is in the Veteran’s favor for the Board to consider entitlement for an earlier effective date claim. 

In August 2019, the Veteran’s representative, Stephen Vaughn, requested for revocation of the power of attorney filed in April 2011. A June 2020 communication with the Veteran shows his understanding that he does not have a representative. Therefore, the representation of Stephen Vaughn has been revoked. 

An effective date of October 3, 2014, for the grant of entitlement to a TDIU, claimed as due to service- connected PTSD is granted.

The Veteran contends that an earlier effective date than assigned is warranted for his TDIU. 

Unless otherwise specified, the effective date of an evaluation and award of compensation based on a claim for increase is to be fixed in accordance with the facts found but will not be earlier than the date of receipt of the claimant’s application. 38 U.S.C. § 5110 (a); 38 C.F.R. § 3.400. The effective date for a TDIU claim is the earliest date as of which it is factually ascertainable that an increase in disability had occurred, if a claim is received within one year from such date; otherwise, the effective date for TDIU is the date of receipt of claim. 38 U.S.C. § 5110 (b)(2); 38 C.F.R. § 3.400 (o)(2). The effective date for TDIU is governed by the effective date provisions for increased ratings of 38 C.F.R. § 3.400 (o). See Hurd v. West, 13 Vet. App. 449 (2000) (Court applied 38 U.S.C. § 5110 (b)(2), which applies to increased rating claims, to a TDIU claim).

A TDIU may be assigned on a schedular basis where the schedular rating is less than total, when, in the judgment of the rating agency, the disabled person is unable to secure or follow a substantially gainful occupation as a result of a single service-connected disability ratable at 60 percent or more, or as a result of two or more service-connected disabilities, provided at least one disability is ratable at 40 percent or more, and there is sufficient additional service-connected disability to bring the combined rating to 70 percent or more. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.340, 3.341, 4.16(a).

In this case, the RO assigned an effective date of March 25, 2019 for TDIU. The claim for TDIU was received on October 3, 2014. Since that time, the Veteran has had a combined disability rating of over 70 percent with a single disability, PTSD, assigned a 50 percent rating. Therefore, he meets the threshold for TDIU consideration since he filed the claim in October 2014. 

In July 2014, the Veteran’s treating physician completed an evaluation that reflects that his PTSD limits his ability to understand, remember, and carry out instructions. In addition, his ability to make judgment on work-related decisions, interact appropriately with the public, and respond appropriately to usual work or changing work situations was also restricted. TDIU was granted based on a Disability Benefit Questionnaire (DBQ) filed in March 2019 that shows that the Veteran has significant difficulty accepting supervision or receiving instruction without becoming angry. The DBQ also showed that he has difficulty functioning around other people, and his sleep is so disrupted that he is usually fatigued at work making concentration and focus on work assignments difficult. Comparing the July 2014 evaluation and the March 2019 DBQ, the Board finds that there has not been significant increase in the severity of the Veteran’s disability throughout the appeal period. Accordingly, resolving all reasonable doubt in his favor, the Board finds the Veteran has been entitled to a TDIU since the date he filed a claim on October 3, 2014. However, Social Security Administration (SSA) records reflect that the Veteran was still able to manage his own business in September 2013. Therefore, October 3, 2014 is the earliest effective date appropriate for the grant of TDIU. 

 

 

LAURA E. COLLINS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Solomon

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.