﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 201021-114370
DATE: January 29, 2021

ORDER

An earlier effective date of December 1, 2011 for the grant of a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) is granted.

An earlier effective date of December 1, 2011 for the establishment of basic eligibility for Dependents' Educational Assistance is granted.

For the initial rating period from April 29, 2011, a disability rating in excess of 10 percent for abdominal scar status post gastrointestinal surgery is denied.

FINDINGS OF FACT

1. April 29, 2011 is the earliest date that a claim for service connection for esophageal adenocarcinoma was received. 

2. A 100 percent (total) rating was assigned for esophageal adenocarcinoma from April 29, 2011 to December 1, 2011; therefore, the combined rating percentages of service-connected disabilities for this period was not “less than total.”

3. Evidence of unemployability that may be construed as a claim for TDIU was received during the pendency of the claim for service connection for esophageal adenocarcinoma, which is also the period of initial disability rating following the grant of service connection; therefore, the TDIU attached to the initial rating for esophageal adenocarcinoma from December 1, 2011 forward.

4. From December 1, 2011 to August 15, 2016, the Veteran was unable to maintain substantial gainful employment due to service-connected disabilities.

5. The Veteran had a total service-connected disability (represented by the TDIU) that was permanent in nature due to the service-connected disabilities that include coronary artery disease and esophageal adenocarcinoma, now effective from December 1, 2011. 

6. For the initial rating period from April 29, 2011, the abdominal scar has not manifested as a scar that is both painful and unstable or three or four scars that are painful or unstable.

CONCLUSIONS OF LAW

1. Resolving reasonable doubt in the Veteran’s favor, the criteria for an earlier effective date of December 1, 2011 for the grant of TDIU have been met. 38 U.S.C. § 5110; 38 C.F.R. §§ 3.155, 3.400.

2. The criteria for an earlier effective date of April 29, 2011 for the establishment of basic eligibility for Dependents' Educational Assistance have been met. 38 U.S.C. §§ 3501, 3510, 5113; 38 C.F.R. §§ 3.807(a), 21.3021.

3. For the initial rating period from April 29, 2011, the criteria for an initial rating in excess of 10 percent for abdominal scar status post gastrointestinal surgery have not been met. 38 U.S.C. §§ 1155, 5103, 5103A, 5107(b); 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1, 4.2, 4.3, 4.7, 4.118, Diagnostic Code 7804.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran, who is the Appellant, served on active duty from August 1959 to August 1988.

The Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105, also known as the Appeals Modernization Act (AMA), creates a new framework of review for veterans disagreeing with VA’s decision on their claim. This decision has been written consistent with the new AMA framework.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from an August 2020 rating decision from the Regional Office (RO), denied an effective date earlier than August 15, 2016 for the grant of TDIU and the establishment of basic eligibility for Dependents’ Educational Assistance (DEA), and denied an initial rating higher that 10 percent for the abdominal scar. In October 2020, the Veteran submitted a timely Notice of Disagreement (NOD) with the August 2020 rating decision and selected direct review of the issues on appeal by a Veterans Law Judge.

The Board finds that the duties to notify and assist in this case have been fulfilled. Neither the Veteran nor the evidence has raised specific contentions regarding the duties to notify or assist.

Earlier Effective Date

1. Earlier Effective Date for the grant of TDIU

The Veteran generally contends that an earlier effective date than August 15, 2016 is warranted for an award of TDIU. Specifically, the Veteran asserts that although VA received a formal claim for TDIU (Form VA 21-8940) on August 15, 2016, this evidence of unemployability was received during the pendency of the claim for service connection for esophageal adenocarcinoma and, therefore, attached to the subsequent appeal for a higher initial rating for esophageal cancer from April 29, 2011, the date the claim for service connection for esophageal adenocarcinoma was received. As such, the Veteran contends that an effective date no later than April 29, 2011 is warranted for TDIU. See October 2020 Representative Brief.

The effective date for an increased rating for disability compensation will be the date entitlement arose or the date of receipt of the claim, whichever is later, with the exception being that the date may be the earliest date as of which it is factually ascertainable that an increase in disability occurred if a claim is received within one year from such date. 38 U.S.C. § 5110(b)(2); 38 C.F.R. § 3.400(o); Gaston v. Shinseki, 605 F.3d 979, 984 (Fed. Cir. 2010). A TDIU claim is a claim for increased compensation, and the effective date rules for increased compensation apply to a TDIU claim. See Hurd v. West, 13 Vet. App. 449 (2000).

A claim for a TDIU is part of a rating issue when such claim is raised by the record or the veteran during the rating period. Rice v. Shinseki, 22 Vet. App. 447 (2009). A TDIU may be assigned, where the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. 38 C.F.R. § 4.16(a). The service-connected disabilities, employment history, educational and vocational attainment, and all other factors having a bearing on the issue will be addressed in both instances. 38 C.F.R. § 4.16(a), (b).

Initially, the Board notes that service connection for esophageal adenocarcinoma was granted effective April 29, 2011, with a 100 percent initial rating assigned from April 29, 2011 to December 1, 2011, and a 30 percent initial rating assigned from December 1, 2011 thereafter. From April 29, 2011 to December 1, 2011, the combined rating for all service-connected disabilities is 100 percent, rendering the claim for TDIU due to service-connected disabilities moot for the rating period from April 29, 2011 to December 1, 2011, as assigning a separate TDIU for this period would result in duplicate counting of the service-connected disabilities. See Bradly v. Peake, 22 Vet. App. 280 (2008); see also Sabonis v. Brown, 6 Vet. App. 426 (1994). As such, the Board will only consider whether an effective date for the award of TDIU is warranted from December 1, 2011 to August 15, 2016.

The RO granted TDIU from August 15, 2016, the date that a TDIU formal claim (VA Form 21-8940) was received. In this case, entitlement to TDIU due in part to esophageal adenocarcinoma was explicitly raised in the VA Form 21-8940 submitted during the pendency of the claim for service connection for esophageal adenocarcinoma. Following the grant of service connection for esophageal adenocarcinoma in an October 2016 rating decision, the Veteran appealed the initial rating assigned for esophageal adenocarcinoma, to include continuing to raise TDIU in the December 2016 NOD. As the Veteran submitted a claim for TDIU during the pendency of the claim for service connection for esophageal adenocarcinoma, indicating such was due in part to esophageal adenocarcinoma, the claim for TDIU attached to and is part and parcel of the subsequent appeal of a higher initial rating for the now service-connected esophageal adenocarcinoma. Therefore, the remaining TDIU rating period on appeal is from December 1, 2011 to August 15, 2016. 

In this case, the Board finds that December 1, 2011 is the earliest date for which it is factually ascertainable that the eligibility criteria for a TDIU under 38 C.F.R. § 4.16(a) are met. As of December 1, 2011, the service-connected disabilities are CAD (rated 60 percent), esophageal adenocarcinoma (rated 30 percent), traumatic arthritis of the cervical and lumbar spine (rated 10 percent), abdominal scar (rated 10 percent), and left ear hearing loss, bilateral varicose veins, hemorrhoids, and hypertension (rated 0 percent respectively), which have a combined rating of 80 percent from December 1, 2011. 

The record reflects that the Veteran has past employment as an engineer, a realtor, and a stockbroker. He was last employed full time in September 2003, and he has asserted that the service-connected disabilities, particularly CAD and esophageal adenocarcinoma, rendered him unemployable. See August 2013 TDIU Claim; July 2018 Correspondence. Private treatment records show a diagnosis of esophageal cancer in December 2011, with six weeks of radiation and chemotherapy beginning in January 2011, and an esophagectomy in May 2011. While there has not been a recurrence of esophageal cancer, the evidence shows residual symptoms of abdominal pain, worst with eating, occasional nausea, and fatigue and weakness that made it difficult for him to walk more than 5-10 minutes without taking a rest and required him to use a cane or walker for balance during ambulation. Additionally, the Veteran has had problems with fatigue and shortness of breath with activity due to the service-connected CAD. See December 2010, January 2011, July 2011, December 2011, October 2013, July 2014, May 2015. 

The VA examiners in July 2018 noted that the esophageal cancer has manifested as symptoms of constant abdominal pain, occasional nausea, heartburn, and reflux with sleep disturbance due to reflux symptoms. The VA examiner also noted dyspnea, fatigue, and shortness of breath with daily activities due to the heart disorder. See June 2018 VA examination reports. A VA vocational consultant opined that the service-connected esophageal cancer and CAD have rendered the Veteran unable to secure and follow any substantially gainful employment since at least 2011. This opinion was based on an inability to remain on task at least 90 percent of the day, as abdominal pain, nausea, difficulty eating, and subsequent fatigue and weakness would preclude the Veteran from satisfying the productivity standards of remaining on task at least 90 percent of the day. The opinion also reasoned that since the onset of symptoms in 2011 the pain related to traumatic arthritis in the cervical and lumbar spine, as well as required use of an assistive device to walk up to 5 minutes due to fatigue and shortness of breath associated with CAD and esophageal cancer, would limit the ability to performing exertional tasks, including those required at the sedentary level. See February 2019 Correspondence. 

Resolving reasonable doubt in the Veteran’s favor, the evidence shows that the Veteran was unemployable due to all the service-connected disabilities. The threshold percentage requirements for the award of a TDIU under the provisions of 38 C.F.R. § 4.16(a) are met from December 1, 2011 to August 15, 2016. In consideration thereof, and resolving reasonable doubt in favor of the Veteran, the criteria for an earlier effective date of December 1, 2011 for a TDIU are met. 38 C.F.R. §§ 4.3, 4.7.

While the TDIU rating period is from April 29, 2011, the evidence shows that the Veteran is already in receipt of a temporary total (100 percent) disability rating for esophageal adenocarcinoma from April 29, 2011 to December 1, 2011 under 38 C.F.R. § 4.114, Diagnostic Code 7343, based on initial therapeutic and surgical treatment for malignant neoplasms of the digestive system. See October 2016 rating decision. On these facts, because the combined rating percentage was not “less than total” for the period from April 29, 2011 through December 1, 2011, as required by 38 C.F.R. § 4.16(a), a TDIU is not available for this period as a matter of law. 

2. Earlier Effective Date for DEA

In this case, the Board finds that the criteria for an effective date of December 1, 2011 for the award of Chapter 35 education benefits are met. For the purposes of educational assistance under 38 U.S.C. Chapter 35, the child or surviving spouse of a veteran will have basic eligibility if the following conditions are met: (1) The veteran was discharged from service under conditions other than dishonorable, or died in service; and (2) the veteran has a permanent total service-connected disability; or (3) a permanent total service-connected disability was in existence at the date of the veteran’s death; or (4) the veteran died as a result of a service-connected disability. 38 U.S.C. §§ 3501, 3510; 38 C.F.R. §§ 3.807(a), 21.3021.

In the May 2019 rating decision, basic eligibility for Chapter 35 education benefits was established effective from August 15, 2016. The grant of basic eligibility for Chapter 35 education benefits was based on the grant of a TDIU effective August 15, 2016 and a specific finding that the Veteran had a total service-connected disability (represented by the TDIU) that was permanent in nature due to the service-connected disabilities, especially the CAD and esophageal adenocarcinoma. For reasons explained above, an effective date of December 1, 2011 has now been awarded for a TDIU. The evidence reflects that the Veteran has permanent total disability from December 1, 2011, the effective date of the award of TDIU; therefore, the criteria are met for an effective date of December 1, 2011 for the grant of entitlement to Chapter 35 education benefits. 38 U.S.C. §§ 3501, 3510; 38 C.F.R. §§ 3.807(a), 21.3021. VA regulations do not provide for an effective date earlier than the date of the award of TDIU (December 1, 2011).

3. Rating the Abdominal Scar 

The abdominal scar, status post gastrointestinal surgery, was assigned a 10 percent initial disability rating for the initial rating period from April 29, 2011 under Diagnostic Code 7804. 38 C.F.R. § 4.118. The Veteran generally contends that a higher rating is warranted for the abdominal scar. See October 2020 NOD. 

Under Diagnostic Code 7804, a 10 percent rating is assigned for one or two scars that are painful or unstable. A 20 percent rating is assigned for three or four scars that are unstable or painful. Five or more scars that are unstable or painful will be assigned a 30 percent rating. Note (1) indicates that an unstable scar is one where, for any reason, there is frequent loss of covering of skin over the scar. Note (2) provides that if one or more scars are both unstable and painful, add 10 percent to the rating that is based on the total number of unstable or painful scars. 38 C.F.R. § 4.118, Diagnostic Code 7804.

After reviewing all the evidence of record, lay and medical, the Board finds that for the initial rating period from April 29, 2011, the painful abdominal scar has not approximated the criteria for a higher 20 percent rating, that is, one or two scars that are both painful and unstable, or three or four scars that are unstable or painful. 

The record shows that the Veteran presented for a VA esophageal condition examination in November 2011. The examination took place a few months after the May 2011 esophagectomy. During the examination, a scar was noted below the sternum coursing towards the umbilicus measuring 16 millimeters (mm) (1.6 cm) by 2 mm (0.2 cm) (0.32 sq. cm) and along the right thorax horizontally measuring 11 cm. The scars were deep and linear with no disfigurement, no ulceration, no depression or elevation, and no underlying attachment. The lateral thoracic scar was nontender, but the there was some tenderness noted along the inferior margin of the scar coursing toward the umbilicus. Neither scar was unstable upon examination. 

During a subsequent June 2018 VA examination, the Veteran was noted to have an abdominal scar, status post gastrointestinal surgery measuring 13.5 cm by 1 cm (13.5 sq. cm). The scar was not painful or unstable, and it measured less than 39 sq. cm upon examination. 

The February 2019 vocational assessment reflects the Veteran’s lay report that the abdominal scar was painful and hurt all the time. 

The evidence of record reflects no more than two abdominal scars during the initial rating period, one of which was noted to be tender or painful. The evidence does not reflect an abdominal scar that is both painful and unstable, or at least three abdominal scars that are painful or unstable. Moreover, as the treatment notes are silent for complaints or treatment of the residual abdominal scar during the relevant rating period, the VA treatment records do not support a higher rating for the painful linear scar. 

For these reasons, a higher 20 percent rating is not met or more nearly approximated under Diagnostic Code 7804. As the preponderance of the evidence is against the appeal for a higher rating for the abdominal scar for the initial rating period from April 29, 2011 to present, the appeal for a higher rating must be denied. 38 C.F.R. §§ 4.3, 4.7, 4.118, Diagnostic Code 7804.

Separate or Higher Ratings for Scars 

(Continued on the next page)

 

Separate or higher ratings are not warranted under Diagnostic Codes 7800 to 7802, or 7805. A separate or higher rating is not for application under Diagnostic Code 7800 as the abdominal surgical scar has not manifested as scars or disfigurement of the head, face or neck. Additionally, separate ratings are not warranted under Diagnostic Codes 7801 to 7802 as the abdominal surgical scar has not manifested as a deep and nonlinear scars that is at least 12 sq. inches or a superficial nonlinear scar that is at least 144 square inches. 38 C.F.R. § 4.118. Finally, as the residual abdominal scar does not result in any additional disabling effects, a separate and higher compensable disability rating is not warranted under Diagnostic Code 7805. 38 C.F.R. § 4.118. 

As the preponderance of the evidence is against the appeal for a separate or higher rating under Diagnostic Codes 7800, 7801, 7802, and 7805 for the initial rating period from April 29, 2011, the appeal for a higher initial rating must be denied. 38 C.F.R. §§ 4.3, 4.7, 4.118, Diagnostic Codes 7800-7802, 7805.

 

 

J. PARKER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Moore

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.