Citation Nr: AXXXXXXXX
Decision Date: 09/29/21 Archive Date: 09/29/21

DOCKET NO. 190827-28144
DATE: September 29, 2021

ORDER

Entitlement to an earlier effective date of January 10, 2014 for a total disability based upon individual unemployability (TDIU) is granted.

Entitlement to an earlier effective date of January 10, 2014 for the grant of eligibility to Dependents' Educational Assistance (DEA) under 38 U.S.C. Chapter 35 is granted.

FINDINGS OF FACT

1. The Veteran's service-connected disabilities have prevented him from securing and following a substantially gainful occupation since January 10, 2014; prior to that date, the preponderance of the evidence did not demonstrate that the Veteran's service-connected disabilities prevented him from securing and following a substantially gainful occupation.

2. The criteria for basic eligibility for DEA under Title 38, United States Code, Chapter 35, are met as of January 10, 2014. 

CONCLUSIONS OF LAW

1. The criteria for entitlement to an effective date of January 10, 2014 for the award of TDIU have been met. 38 U.S.C. §§ 5110; 38 C.F.R. §§ 3.400, 4.16.

2. The criteria for entitlement to an effective date of January 10, 2014 for the grant of eligibility to Dependents' Educational Assistance (DEA) under 38 U.S.C. Chapter 35 have been met. 38 U.S.C. §§ 3501, 3510, 5113; 38 C.F.R. §§ 3.807 (a), 21.3021.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from March 1986 to December 2010.

The decision on appeal was issued in May 2019. In August 2019, the Veteran appealed this decision to the Board by submitting a timely VA Form 10182 Decision Review Request: Board Appeal. The Veteran elected the Hearing docket. Therefore, the Board may only consider the evidence of record at the time of the AOJ decision on appeal, as well as any evidence submitted by the Veteran or his representative at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302 (a). The Veteran testified before the undersigned Veterans Law Judge at a June 2021 virtual hearing; a transcript of the hearing is of record. The 90-day evidence submission window following the hearing has expired.

1. Entitlement to an earlier effective date of August 23, 2013 for TDIU

In the May 2019 rating decision on appeal, the AOJ granted a TDIU effective from September 21, 2018, the date the AOJ received the Veteran's Application for Increased Compensation Based on Unemployability (VA Form 21-8940). 

The Board finds that, although the AOJ properly awarded a TDIU based on the medical evidence of record, the effective date assigned is inconsistent with Rice v. Shinseki, 22 Vet. App. 447 (2009).

When evidence of unemployability is submitted in the course of a claim for a higher rating for one or more service-connected disabilities, or disagreement over an initial rating, and there is evidence of unemployability pertaining to the service-connected disability or disabilities at issue, a claim for TDIU will be considered part and parcel of the increased rating claim. See Rice, 22 Vet. App. 447. Thus, as the issue of entitlement to TDIU in the context of an initial rating claim may be co-extensive with that claim in terms of the time period under review, the effective date of TDIU may be as early as the effective date applicable to the initial rating claim under 38 C.F.R. § 3.400 (o). See Rice, 22 Vet. App. at 454.

In this case, the Veteran's claim for TDIU dates to the claim for service connection for posttraumatic stress disorder (PTSD) filed in February 2014. Service connection for PTSD was granted in an April 2015 rating decision, and the RO assigned an effective date of February 21, 2014. The Veteran disagreed with the initial rating and effective date. In a subsequent October 2017 rating decision, the RO found that the effective date of the service connection award was properly January 10, 2014, as evidence showed that the Veteran had initiated a claim for service connection online on that date.

Except as otherwise provided, the effective date of a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400. A TDIU claim is one for increased compensation; therefore, the effective date rules for increased compensation apply to a TDIU claim. Rice v. Shinseki, 22 Vet. App. 447, 454 (2009); Hurd v. West, 13 Vet. App. 449, 451-52 (2000). The effective date of an award for increased disability compensation shall be the earliest date as of which it is factually ascertainable that an increase in disability has occurred, if the claim is received within one year from such date; otherwise, it is the date of receipt of the claim. 38 U.S.C. § 5110 (b)(2); 38 C.F.R. § 3.400 (o)(2); see also Hazan v. Gober, 10 Vet. App. 511 (1997).

Total disability ratings for compensation may be assigned when a veteran is unable to secure and follow a substantially gainful occupation. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.340, 3.341, 4.16. If the schedular rating is less than total, a total disability evaluation can be assigned based on individual unemployability if the Veteran is unable to secure or follow a substantially gainful occupation as a result of service connected disability provided that if there is only one such disability, this disability shall be ratable at 60 percent or more; if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16 (a).

In Ray v. Wilkie, 31 Vet. App. 58 (2019), the Court of Appeals for Veterans Claims (Court) promulgated a definition of substantially gainful employment as that term is used in 38 C.F.R. § 4.16 (a). The Court defined the term "unable to secure and follow a substantially gainful occupation" as having two components: one economic and one non-economic. The economic component means an occupation earning more than marginal income (outside of a protected environment) as determined by the U.S. Department of Commerce as the poverty threshold for one person. The non-economic component includes consideration of the Veteran's history, education, skill, and training; whether the veteran has the physical ability to perform the type of activities required by the occupation at issue; and whether the veteran has the mental ability to perform the activities required by the occupation at issue.

The Veteran's claim for service connection for PTSD was received in January 2014. The Board also notes that the Veteran submitted a formal application for TDIU (VA Form 21-8940) in August 2015 that was never addressed by the RO. He again submitted a VA Form 21-8940 on September 21, 2018. 

The Veteran has reported on his VA Form 21-8940 and in testimony before the Board that he last worked on August 22, 2013 as a Department of Defense Contractor training Iraqi soldiers. He reported that he had worked approximately 72 hours per week during the period from 2011 to August 2013, earning $6,000- 14,000 per month.

As the Veteran's claim for TDIU under Rice was received in January 2014, the effective date of the award of service connection for PTSD was January 10, 2014, and his claim for TDIU is based in part on his PTSD, the Board may consider whether it was factually ascertainable that his service connected disabilities rendered him unable to secure and follow a substantially gainful occupation as of that date. 38 U.S.C. § 5110; 38 C.F.R. § 3.400. 

The Veteran's service-connected disabilities are: sleep apnea, rated 50 percent disabling from January 1, 2011; PTSD, rated 30 percent disabling from January 10, 2014; gout, rated 20 percent disabling from December 20, 2012; degenerative arthritis of the cervical spine with degenerative disc disease, 20 percent from July 6, 2018; left upper extremity radiculopathy, 20 percent from July 6, 2018; right upper extremity radiculopathy, 20 percent from July 6, 2018; right shoulder rotator cuff repair, 10 percent from January 1, 2011; degenerative joint disease and degenerative disc disease, lumbar spine, 10 percent from January 1, 2011; tinnitus, 10 percent from January 10, 2014; bilateral hearing loss, zero percent; allergic rhinitis, zero percent; benign prostatic hypertrophy, zero percent; scars, zero percent; left shoulder sprain with degenerative changes, 10 percent from January 1, 2011, and zero percent from December 2, 2013; degenerative joint disease, right knee, 10 percent from January 1, 2011, and zero percent from December 2, 2013; and degenerative joint disease, left knee, 10 percent from January 1, 2011, and zero percent from December 2, 2013.

His combined service-connected disability rating is 70 percent from January 1, 2011; 80 percent from December 10, 2012; 70 percent from December 2, 2013; 80 percent from January 10, 2014; and 90 percent from July 6, 2018. 38 C.F.R. §§ 4.16 (a), 4.25. Thus, the Veteran has met the schedular criteria for a TDIU since January 1, 2011. 38 C.F.R. § 4.16 (a).

As noted above, the record indicates that the Veteran last worked on August 22, 2013. His representative argued that the claim for TDIU should have been considered pending since January 10, 2014. See June 2021 hearing transcript.

On the Veteran's formal TDIU application, VA Form 21-8940, received in August 2015, the Veteran reported he could not work due to "back injury/knee pain/ joint pain/ headaches/ gout." 

On his VA Form 21-8940 received in September 2018, the Veteran reported he could not work due to "cervical spine, bilateral knee pain, hip pain, back pain, gout, and joint pain." He also described his PTSD as causing mood swings, depression, and suicidal thoughts. 

On May 8, 2015, the Veteran filed a claim for disability with the Social Security Administration (SSA). He noted the conditions causing his disability as: back pain, diabetes, high cholesterol, knee pain, hip pain, shoulder pain, arthritis, headaches, depression, prostate, rash, gout, dry eye, TBI, PTSD, and hearing loss. He alleged the onset of his disability was August 2013. 

In an August 2015 decision, the SSA determined that the Veteran was considered disabled as of May 8, 2014 (one year prior to the date of his claim), due to "other and unspecified arthropathies." 

The Veteran testified before the undersigned that he had last worked in August 2013:

I was a contractor. You know, I had a problem. I had to be maneuvering and stuff like that. I was working overseas and stuff, and I just wasn't able to keep up. I just -- just couldn't do it. I had too many issues -- you know, swellness (sic). I couldn't move. I could not be mobile and stuff, and -- and from there, I just went down...

I had back problems. I had knee problems. You know, I had problem with my cervical spine. It was all, you know, related to movement. You know, I didn't have that ability to -- to move around, to -- to demonstrate, to educate, and to show examples, and things of that nature as an instructor or as a leader. And it just caused me a lot of pain, you know. I couldn't get out of bed, taking medication, and we looked for surgery to repair a lot of this stuff, and it gave me some type of relief, but it -- that didn't solve the problem. I just wasn't physically able to do that type of job, you know, for a long period of time or even for a short duration, you know...

PTSD had a lot of combination of some of the medication that I was taking. You know, I have to take multiple medication. Some medication I took it was to work for the PTSD... I had some hallucinations and stuff. I wasn't getting proper rest. I was still having nightmares as I do now. But it was just a combination of just bad things with PTSD, and it was not under control...

I have a sleep apnea machine which I had now, I don't know, over 15 going on 20 years. It still don't help me get enough sleep. I'm always tired. I'm fatigued. And during the course of work, you know, I'd be falling asleep and things of that nature. 

After careful consideration of the evidence of record, resolving any doubt in favor of the Veteran, the Board finds that a TDIU is warranted from January 10, 2014, the effective date of the award of service connection for PTSD.

In the May 2019 rating decision on appeal, the RO determined that "the available evidence shows you have not worked since 2013, and you are unable to secure or follow a substantially gainful occupation as a result of your service-connected condition(s): sleep apnea; posttraumatic stress disorder; degenerative disc and joint disease, lumbar spine; and right shoulder rotator cuff repair with degenerative changes." The Board is bound by the RO's favorable findings.

As noted above, the RO did not properly consider that an earlier claim for TDIU should have been considered under Rice. The evidence shows that the Veteran last worked in August 2013. His claim for service connection for PTSD was received January 10, 2014. The Board finds that from January 10, 2014, the effective date of the award of service connection for PTSD, the Veteran's service connected disabilities of sleep apnea; PTSD; degenerative disc and joint disease, lumbar spine; and right shoulder rotator cuff repair with degenerative changes resulted in functional impairment which rendered him unable to secure or follow a substantially gainful occupation. Entitlement to an earlier effective date of January 10, 2014, but not earlier, is warranted for the award of a TDIU.

2. Entitlement to an earlier effective date of August 23, 2013 for the grant of eligibility to DEA under 38 U.S.C. Chapter 35 

The Veteran seeks an earlier effective date for DEA benefits pursuant to 35, Title 38 of the United States Code. 

For the purposes of DEA benefits, basic eligibility exists if a veteran was discharged from service under conditions other than dishonorable, and if he has a permanent and total service-connected disability. 38 U.S.C. § 3501; 38 C.F.R. §§ 3.807, 21.3021(p). There are other avenues through which basic eligibility may be granted; however, they involve factors not applicable here, e.g., the death of a veteran or if a veteran is currently on active duty. Id. 

Permanence of total disability will be taken to exist when such impairment is reasonably certain to continue throughout the life of the disabled person. 38 C.F.R. § 3.340 (b). Diseases and injuries of long-standing that are actually totally incapacitating will be regarded as permanently and totally disabling on the probability that permanent improvement under treatment is remote. Id. The age of the disabled person may be considered in determining permanence. Id. Once permanence is established, a veteran need not undergo further VA examination in order to retain her rating for the permanent disability. See 38 C.F.R. § 3.327 (b)(2)(iii).

The Veteran was awarded eligibility to DEA in the May 2019 Rating Decision, effective September 21, 2018, based upon the AOJ's finding that the Veteran was entitled to TDIU because he was permanently unable, as of that date, to secure or follow a substantially gainful occupation due to his service-connected disabilities.

Except as provided in subsections (b) and (c), effective dates relating to awards under Chapter 35 shall, to the extent feasible, correspond to effective dates relating to awards of disability compensation. 38 U.S.C. § 5113. As explained above, the Board has found that the appropriate effective date of the Veteran's TDIU is January 10, 2014. Since the effective date for DEA benefits in this case is directly related to a finding that the Veteran had a total disability that was permanent in nature by virtue of his TDIU rating, the Board finds that an effective date of January 10, 2014, for Chapter 35 benefits is warranted. Accordingly, an effective date of January 10, 2014 and no earlier is granted for DEA benefits.

 

 

D. JOHNSON

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board M. G. Mazzucchelli, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.