Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 210622-167664
DATE: July 14, 2021

ORDER

Entitlement to an effective date of August 16, 2018, but no earlier, for the grant of a total disability rating based on individual unemployability (TDIU) is granted. 

Entitlement to an effective date of August 16, 2018, but no earlier, for the grant of eligibility to Dependents' Educational Assistance (DEA) under 38 U.S.C. chapter 35 is granted. 

Entitlement to a compensable rating for right ear hearing loss is denied.

Entitlement to a rating in excess of 10 percent for tinnitus is denied.

FINDINGS OF FACT

1. The Veteran submitted an intent to file a claim on August 16, 2018, followed by a formal claim for increased ratings for his service-connected right ear hearing loss and tinnitus within one year. The Veteran's claim for TDIU is part and parcel of these pending increased rating claims. 

2. At the time of the August 16, 2018 claim, the Veteran's service-connected disabilities prevented him from obtaining and retaining substantially gainful employment consistent with his educational background and work experience. 

3. Beginning August 16, 2018, the Veteran met the requirements for DEA.

4. Throughout the rating period on appeal, the Veteran's right ear hearing loss is manifested by hearing impairment corresponding to no higher than an auditory acuity of Level IV. 

5. The Veteran's service-connected tinnitus is assigned a 10 percent rating, which is the maximum schedular rating authorized for tinnitus under Diagnostic Code 6260, for either a unilateral or a bilateral condition.

CONCLUSIONS OF LAW

1. From August 16, 2018 the criteria for the award of entitlement to a TDIU have been met. 38 U.S.C. §§ 1155, 5110; 38 C.F.R. §§ 3.151, 3.155, 3.340, 3.341, 3.400, 4.16. 

2. From August 16, 2018 the criteria for DEA under 38 U.S.C. chapter 35 have been met. 38 U.S.C. §§ 3500, 3501, 5110; 38 C.F.R. §§ 3.151, 3.155, 3.400, 3.807. 

3. The criteria for a compensable evaluation for right ear hearing loss have not been met. 38 U.S.C. § 1155; 38 C.F.R. § 4.85, Diagnostic Code (DC) 6100.

4. The criteria for a rating in excess of 10 percent for tinnitus have not been met. 38 U.S.C. § 1155; 38 C.F.R. § 4.87, DC 6260.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from March 1968 to February 1970.

In a June 2019 rating decision, the Regional Office (RO) denied increased ratings for tinnitus and right ear hearing loss. The Veteran filed a supplemental claim in September 2019. A December 2019 rating decision once again denied increased ratings for his tinnitus and right ear hearing loss. TDIU and DEA were granted at that time. The Veteran submitted a request for Higher-Level Review in May 2020. An October 2020 Higher-Level Review decision was issued, and in June 2021, the Veteran submitted a VA Form 10182 requesting Direct Review by a Veterans Law Judge. This case has therefore been properly appealed to the Board of Veterans' Appeals (Board). 

Earlier Effective Dates

1. Entitlement to an earlier effective date for the grant of individual unemployability.

The Veteran requests that his award of a TDIU should be assigned an effective date earlier than September 11, 2019. The Veteran and his attorney have argued that this claim has been continuously prosecuted since the Veteran's August 16, 2018 intent to file a claim for increased ratings, and that medical evidence prior to the currently assigned September 2019 effective date demonstrates disability of such a severity that the Veteran was prevented from performing gainful employment. They have not requested an effective date any earlier than August 16, 2018. 

The Veteran submitted an Intent to File a Claim on August 16, 2018. See August 17, 2018 letter. He then submitted a formal claim for increased ratings for his right ear hearing loss and tinnitus within one year. See April 2019 Claims. The Veteran subsequently submitted a VA Form 21-8940 Application for Increased Compensation Based on Unemployability on September 11, 2019; the RO assigned the current effective date based on this September 2019 form. 

The Board acknowledges that a claim for TDIU is part of an increased rating claim when such is raised by the record, and in this case, the Veteran and his attorney have argued that the Veteran's tinnitus and right ear hearing loss disabilities are a large part of why he has been unable to work. See Rice v. Shinseki, 22 Vet. App. 447 (2009). The current appeal period therefore does stretch back to August 16, 2018. 

VA will grant a total disability evaluation based on individual unemployability due to service-connected disorders when the evidence shows that a veteran is precluded from obtaining or maintaining any gainful employment consistent with his education and occupational experience, by reason of his service-connected disabilities. 38 C.F.R. §§ 3.340, 3.341, 4.16. If there is only one disability, it must be rated at least 60 percent disabling to qualify for TDIU benefits; if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a). The Veteran is service connected for several disabilities, including hearing loss of the right ear and tinnitus, and meets the schedular criteria for a TDIU beginning on August 5, 2015. 

At the outset, the Board notes that for effective date purposes, a claim for TDIU is generally considered an increased rating claim. See Dalton v. Nicholson, 21 Vet. App. 23, 31-32 (2007); Hurd v. West, 13 Vet. App. 449, 451-52 (2000). 

As updated by the Appeals Modernization Act (AMA), 131 Stat. 1105 (2017), which applies to this appeal, the effective date of an award based on an initial or supplemental claim for compensation will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110(a)(1); 38 C.F.R. § 3.400(o)(1). However, there is an exception for increased rating claims. The effective date for an award of increased compensation shall be the earliest date on which it is factually ascertainable that the increase occurred, if the claim or intent to file a claim is received within one year from that date. 38 U.S.C. § 5110(b)(3); 38 C.F.R. § 3.400(o)(2). 

Here, the December 2019 rating decision assigned an effective date for the grant of TDIU based solely on the September 2019 formal TDIU claim. It failed to consider the implications of Rice. Applying Rice, the Veteran's September 2019 TDIU claim was raised in connection with the increased rating claims that were pending at that time. Consequently, the effective date for the grant of TDIU could extend back to the date of claim for those increased rating claims, or the date entitlement arose, whichever is later. Further, if entitlement to a TDIU arose within one year prior to the date of claim for the increased rating claims, the effective date could fall within that one-year period. 

At the time of the Veteran's September 2019 formal TDIU claim, the Veteran had pending claims for increased ratings for tinnitus and right ear hearing loss. These claims originated with an August 16, 2018, intent to file a claim and a subsequent April 2019 formal claim using a VA Form 21-526EZ. A June 2019 rating decision denied increased ratings for both his tinnitus and right ear hearing loss. The Veteran filed a supplemental claim less than a year later in September 2019. A December 2019 rating decision confirmed and continued the previous denials of increased ratings. TDIU and DEA benefits were granted at that time. TDIU was granted in part due to the Veteran's hearing loss. Within a year, the Veteran filed a Higher-Level Review request in May 2020 arguing increased ratings were warranted for his service-connected hearing loss of the right ear and tinnitus and earlier effective dates were warranted for TDIU and DEA. An October 2020 rating decision was issued once again denying the Veteran's claims. 

If a claim is received within one year of receipt of an intent to file, the date of receipt of the intent to file is considered the date of receipt of the claim. 38 C.F.R. § 3.155(b). The date of receipt of the Veteran's initial claim for TDIU, as part and parcel of his increased rating claims for hearing loss and tinnitus is August 16, 2018. He has continuously pursued it thereafter by utilizing various available review options to challenge the unfavorable determinations that were made. Specifically, the Veteran continues to disagree with the effective date assigned for his TDIU. 

The Board finds that the Veteran is entitled to an effective date for his award of TDIU of August 16, 2018, the date of his intent to file, which is the date of claim of the increased rating claims for right ear hearing loss and tinnitus. This is the later date between the date of claim and the date entitlement arose. As noted above, the Veteran met the schedular criteria for a TDIU as early as August 5, 2015. 

Because the Board has found that it is factually ascertainable that entitlement to a TDIU arose more than one year prior to the August 16, 2018, intent to file a claim, an earlier effective date cannot be assigned using the one-year lookback period prior to the August 16, 2018, claim under 38 C.F.R. § 3.400(o)(2). See Gaston v. Shinseki, 605 F.3d 979 (2010). 

The record does not appear to contain evidence of any formal or informal claim filed prior to the Veteran's August 16, 2018 intent to file a claim that could form the basis of an earlier effective date. The record demonstrates that although the Veteran initiated an appeal with respect to an August 2015 claim for TDIU, he did not submit a timely substantive appeal with the March 2018 statement of the case denying TDIU. Additionally, a December 2015 rating decision granting tinnitus and denying an increased rating for his right ear hearing loss was not appealed. The August 2015 and December 2015 rating decision are final. The Veteran did not file another claim until his August 16, 2018 intent to file a claim was received. 

Therefore, entitlement to an effective date of August 16, 2018, but no earlier, for the grant of a total disability rating based on individual unemployability (TDIU) due to service-connected disabilities is granted. 

2. Entitlement to an earlier effective date for the grant of eligibility to DEA benefits under 38 U.S.C. chapter 35.

Because the Veteran's award of a TDIU has been granted from August 16, 2018, he also now meets the eligibility for Dependents' Education Assistance (DEA) benefits beginning August 16, 2018. 

Basic eligibility for DEA exists for a Veteran's spouse or child if the veteran was discharged under conditions other than dishonorable and has a permanent total service-connected disability. 38 U.S.C. § 3501; 38 C.F.R. §§ 3.807, 21.3020, 21.3021. A permanent and total disability refers to a veteran who has been found to have a service-connected disability which is rated as total (100 percent) and where the impairment is reasonably certain to continue throughout the life of the disabled veteran. 38 C.F.R. § 21.3021(p). 

Because the Veteran has been found to have permanent disabilities which are now rated as total through the grant of a TDIU beginning August 16, 2018, basic eligibility to DEA benefits is also warranted beginning August 16, 2018, and the appeal is granted. 

Increased Ratings

Disability evaluations are determined by the application of a schedule of ratings which is based on average impairment of earning capacity. Generally, the degrees of disability specified are considered adequate to compensate for considerable loss of working time from exacerbations or illnesses proportionate to the severity of the several grades of disability. 38 C.F.R. § 4.1. Separate diagnostic codes identify the various disabilities. 38 U.S.C. § 1155; 38 C.F.R. Part 4. The Board should consider only those factors contained in the rating criteria. Massey v. Brown, 7 Vet. App. 204 (1994).

Where there is a question as to which of two ratings shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.

Where entitlement to compensation has already been established and an increase in the disability rating is at issue, it is the present level of disability that is of primary concern. See Francisco v. Brown, 7 Vet. App. 55, 58 (1994). Nevertheless, where the evidence contains factual findings that show a change in the severity of symptoms during the course of the rating period on appeal, assignment of staged ratings would be permissible. Hart v. Mansfield, 21 Vet. App. 505 (2007). 

3. Entitlement to a compensable rating for right ear hearing loss. 

The Veteran is service-connected for hearing loss in his right ear, which has been rated under DC 6100. The Veteran alleges that a compensable rating is warranted for his service-connected right ear hearing loss disability. 

Disability ratings for hearing impairment are derived by a mechanical application of the rating schedule to the numeric designations assigned after audiometric evaluations are made. Bruce v. West, 11 Vet. App. 405 (1998); Lendenmann v. Principi, 3 Vet. App. 345 (1992). The regulations set forth eleven auditory acuity levels, designated from Roman numerals I to XI, in escalating order of hearing impairment. 38 C.F.R. § 4.85. The appropriate auditory acuity level is determined based on a combination of the percentage of speech discrimination and the puretone threshold average. Additional considerations apply when exceptional patterns of hearing loss are demonstrated, which are defined as either a) puretone averages of 55 or greater at 1000, 2000, 3000, and 4000 Hertz, or; b) a puretone threshold of 30 decibels or less at 1000 Hertz and 70 decibels or more at 2000 Hertz. 38 C.F.R. § 4.86(a). Once an acuity level is established for each ear, Table VII, Percentage Evaluations for Hearing Impairment, is used to determine the appropriate disability evaluation. The appropriate rating is determined based on a combination of the levels of hearing impairment established for each ear.

If, as in the instant case, impaired hearing is service-connected in only one ear, in order to determine the percentage evaluation from Table VII, the non-service-connected ear will be assigned a Roman numeral designation of I, subject to the regulations providing special consideration for paired organs and extremities. 38 C.F.R. §§ 3.383, 4.85(f). Additional compensation is not available to the Veteran based on a combination of a service-connected and non-service-connected disability, however, because, as discussed below, the Veteran's service-connected hearing impairment is not manifested to a degree of 10 percent or greater. 38 C.F.R. § 3.383.

The Veteran underwent a VA audiological examination in April 2019. The examination revealed the following puretone thresholds, in decibels: 35, 35, 45, 60, 65, measured at 500, 1000, 2000, 3000, and 4000 Hertz, respectively. Speech recognition ability was 96 percent in the right ear. His puretone average for the right ear was recorded as 51 decibels. 

Applying the findings of the April 2019 VA examination to the rating criteria for hearing impairment, the Board finds that the criteria for a compensable evaluation for right ear hearing loss have not been met. Considering that the Veteran's right ear manifests an average puretone threshold of 51 dB, with a 96 percent speech discrimination, reference to 38 C.F.R. § 4.85, Table VI, shows his right ear hearing loss to be Level I impairment. 

Since his left ear is not service-connected, a Roman numeral I is used for this ear in Table VII. 38 C.F.R. § 4.85(f). Applying these results to Table VII, a noncompensable evaluation is assigned. 

The Veteran underwent a VA audiological examination in November 2019. The examination revealed the following puretone thresholds, in decibels: 30, 40, 50, 65, 70 measured at 500, 1000, 2000, 3000, and 4000 Hertz, respectively. Speech recognition ability was 76 percent in the right ear. His puretone average for the right ear was recorded as 56.25 decibels. 

Applying the findings of the November 2019 VA examination to the rating criteria for hearing impairment, the Board finds that the criteria for a compensable evaluation for right ear hearing loss have not been met. Considering that the Veteran's right ear manifests an average puretone threshold of 56.25 dB, with a 76 percent speech discrimination, reference to 38 C.F.R. § 4.85, Table VI, shows his right ear hearing loss to be Level IV impairment. 

Since his left ear is not service-connected, a Roman numeral I is used for this ear in Table VII. 38 C.F.R. § 4.85(f). Applying these results to Table VII, a noncompensable evaluation is assigned. 

The Board is limited in evaluating hearing loss to the mechanical application of the rating schedule under the specified testing methods. For example, any impact of the hearing loss on the Veteran's daily life cannot be accounted for outside the rating tables of 38 C.F.R. § 4.85. The noncompensable evaluation currently assigned for his right ear hearing loss accurately reflects his disability picture as contemplated under the VA rating criteria throughout the rating period on appeal. 

Throughout the period on appeal, the manifestations of the service-connected right ear hearing loss disability did not equate with or more nearly approximate the criteria for a compensable rating. The Board finds that a preponderance of the evidence is against a finding that the service-connected right ear hearing loss disability warranted a compensable rating during the period on appeal. As the preponderance of the evidence is against the claim, the claim must be denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

The Board is mindful that an audiologist must provide a description of the functional effects caused by a hearing loss disability. Martinak v. Nicholson, 21 Vet. App. 447 (2007). The April 2019 VA examiner noted that the Veteran had difficulty hearing and understanding some people when he cannot see the speaker's face and requires frequent repetition. The November 2019 VA examiner noted that the Veteran's degree of hearing loss greatly limits his ability to understand what people are saying to him. High frequency speakers like women and children are likely more difficult for him to hear, and his hearing loss raises concern regarding his safety as he is not able to hear certain alarms/sounds. The Board finds these comments are sufficient to comply with the applicable VA policies. Martinak v. Nicholson, 21 Vet. App. 447 (2007) (VA audiologist's indication in report that Veteran's hearing loss affected his ability to sleep was sufficient to comply with requirements of VA's own internal guidance documents that VA audiologists describe the effects of a hearing disability on occupational functioning and daily activities). Additionally, the Board has considered various lay statements from the Veteran attesting to the impact of his hearing loss. The Board finds that the functional effects of the Veteran's right ear hearing loss disability are adequately addressed by the record.

The Board is sympathetic to the Veteran's position that a higher rating is warranted for his service-connected right ear hearing loss. However, the audiometric examination results, as compared to the rating criteria, do not warrant a compensable rating during the period on appeal. Accordingly, the Board finds that the preponderance of the evidence is against the claim for a compensable schedular rating for right ear hearing loss. 38 U.S.C. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

4. Entitlement to a rating in excess of 10 percent for tinnitus. 

The Veteran has requested an increased rating for his service-connected tinnitus, which is currently assigned a 10 percent rating. 38 C.F.R. § 4.87, Diagnostic Code 6260. Under that diagnostic code, a single 10 percent rating is assigned for tinnitus, whether the sound is perceived as being in one ear, both ears, or in the head. The maximum schedular rating available for tinnitus is 10 percent. 38 U.S.C. § 1155; 38 C.F.R. § 4.87; Smith v. Nicholson, 451 F.3d. 1344 (Fed. Cir. 2006). As there is no legal basis upon which to award a higher schedular rating, or separate schedular ratings for each ear, the appeal must be denied. Sabonis v. Brown, 6 Vet. App. 426 (1994). 

The Board further finds that referral for consideration of an extraschedular rating is not warranted, as the evidence regarding the Veteran's tinnitus does not show such an exceptional disability picture that would render the available schedular rating inadequate. Thun v. Peake, 22 Vet. App. 111 (2008). The Veteran has not provided any evidence that his tinnitus is of such a degree that the 10 percent schedular disability rating is insufficient. The evidence does not show frequent hospitalization or marked interference with employment as a result of tinnitus. His tinnitus is one of several disabilities contributing to his unemployability. Therefore, the Board finds that the schedular rating of 10 percent for the Veteran's tinnitus is adequate, and no referral is required for extraschedular consideration. 38 C.F.R. § 3.321(b). 

 

Caroline B. Fleming

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. M. Clark, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.